**FOLIO IMPRESSIONS, INC.,**
Plaintiff–Appellant,

v.

**BYER CALIFORNIA; Macy's New York, Inc.; Lida Manufacturing Co.; and John Does—20, Defendants–Appellees.**

**No. 1125, Docket 90–9005.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 25, 1991.

Decided June 27, 1991.

Kenneth R. Schachter, New York City (Silverberg, Stonehill & Goldsmith, of counsel), for plaintiff-appellant.

Michael Delikat, New York City (Francis W. Connolly, Baer Marks & Upham, of counsel), for defendants-appellees.

Before OAKES, Chief Judge, and CARDAMONE and MAHONEY, Circuit Judges.

CARDAMONE, Circuit Judge:

Intense competition in the field of fabric designs to be used for women's clothes is nothing new, and is perhaps prompted by the fact that a fashion idea, here a rose, lives little longer than the bloom of the flowers whose image it uses. In this copyright infringement suit with respect to a fabric design used in such manufacture, we consider three separate claimed infringements: (1) a design of a rose for which plaintiff had a registered copyright; (2) the placement of that rose repeated in horizontal rows against an ornate background; and (3) the background itself. Plaintiff insists that it is entitled to copyright protection on each item, and that defendants infringed its rights on all three. Defendants contend that plaintiff's design is not original or, even if it is, defendant's design resulted from its own original effort and is not confusingly similar to plaintiff's. The district court variously concluded that either there was no copyright protection or no infringement; hence, it granted judgment to defendants. 752 F.Supp. 583. Although we reach the same ultimate destination, we take a slightly different path.

## FACTS

Plaintiff Folio Impressions, Inc. (Folio), a New York importer and seller of printed fabric to women's clothing manufacturers, purchased in August 1987 an assignment of the rights to a textile design pattern (Pattern #1365) created by Richard Sadjan, an employee of Bruckert Design Studio which is located in Lyon, France. Folio published the pattern, and then promoted and sold the fabric imprinted with the design to its customers. Later, it registered Pattern #1365 with the United States Office of the Register of Copyrights and was issued a Certificate of Registration. Folio converted greige goods—that is, in an unbleached, undyed state—into printed textiles for wearing apparel bearing imprints of design Pattern #1365 and sold the material to garment manufacturers.

Following appellant's publication of Pattern #1365 on September 5, 1987, defendant Byer California, a clothing manufacturer, obtained a "swatch" of Pattern #1365 and showed it to defendant Lida Manufacturing, a fabric converter selling printed fabric to apparel manufacturers—and a competitor of Folio's—asking whether Lida had a similar design. Lida said "no," but that using its reference materials it could create one similar to Folio's. Lida then created its own design pattern entitled "Baroque Rose," and Byer purchased fabric from Lida printed with the Baroque Rose pattern and sold 1,656 dozen garments using that pattern to its customers.

On July 28, 1988 Folio filed a complaint and shortly thereafter an amended complaint in the United States District Court for the Southern District of New York, Bernard Newman, Judge (sitting by designation), against Byer and Lida alleging the Baroque Rose pattern infringed its Pattern #1365 copyright. On August 8 the district court granted a preliminary injunction, with defendants' consent, preventing Byer from marketing any items using Lida's Baroque Rose design. In January 1990 Judge Newman conducted a two-day bench trial. He issued an opinion on October 5, 1990, finding that because the background portion of Folio's design was copied from the

public domain and the pattern in which the Folio roses were placed against the background was not original, neither the background or the placement of the roses against that background were copyrightable. The district court sustained Folio's copyright with respect to the rose itself in Pattern #1365, but concluded that Lida and Byer had not infringed it. The trial court therefore dissolved the previously issued preliminary injunction and entered judgment on October 16, 1990 for defendants. This appeal followed.

## DISCUSSION

Folio raises two arguments in support of its contention that the district court erroneously failed to find that Lida's Baroque Rose design infringed on Pattern #1365. Folio first asserts that the district court incorrectly found certain elements of Pattern #1365 were not original and thus not protected by copyright. Folio next insists that the Baroque Rose design was substantially similar to Pattern #1365 and thus defendants infringed its copyright. We address each argument in turn.

### I  Copyrightability of Pattern #1365

■ We begin with general principles bearing on the copyrightability of fabric designs. The right of an author under the common law to have the sole right of first printing and publishing his work was settled early in England by Lord Mansfield writing for the majority in *Millar v. Taylor*, 4 Burrows 2303 (1769). This common law concept was adopted in our Constitution which authorized Congress "[t]o promote the progress of science and useful arts, by securing, for limited times to authors and inventors, the exclusive right to their respective writings and discoveries." U.S. Const. art. I, § 8. The word "writings" is broadly construed; it includes all its forms that may be used to the end that the author's ideas are tangibly expressed. Thus, a drawing which may be "multiplied by the arts of printing in any of its branches" is copyrightable by its author, who is defined as the "originator" or "maker." *Burrow–Giles Lithographic Co. v. Saro-*

*ny,* 111 U.S. 53, 56–58, 4 S.Ct. 279, 28 L.Ed. 349 (1884).

■ Among those forms of "writings" now recognized as entitled to copyright protection are fabric designs, which are the subject matter of this appeal. *See, e.g., Millworth Converting Corp. v. Slifka,* 276 F.2d 443 (2d Cir.1960) (Friendly, J.); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487 (2d Cir.1960) (L. Hand, J.). Fabric designs are distinguished from "dress designs," which as useful articles under 17 U.S.C. § 101, are not typically copyrightable. *See Whimsicality, Inc. v. Rubie's Costume Co.,* 891 F.2d 452, 455 (2d Cir.1989); 1 Nimmer on Copyright, § 2.08(H) (1990).

### A. *Copyrightability of the Folio Rose*

■ Turning now to the more specific law that governs this case, it is axiomatic that to establish a copyright infringement cause of action, a plaintiff must show copyright ownership and unauthorized copying by defendants. *See Weissmann v. Freeman,* 868 F.2d 1313, 1320 (2d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989); *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.,* 780 F.2d 189, 192 (2d Cir.1985). A pervasive requirement of copyright protection is that the work be original, *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* —— U.S. ——, 111 S.Ct. 1282, 1287, 113 L.Ed.2d 358 (1991), a requirement that follows from the fact that such protection is accorded only to authors. *See L. Batlin & Sons, Inc. v. Snyder,* 536 F.2d 486, 490 (2d Cir.) (en banc), *cert. denied,* 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the validity of a copyright, 17 U.S.C. § 410(c), though that presumption may be rebutted. *See Hasbro Bradley,* 780 F.2d at 192. In determining what parts of Pattern # 1365 are entitled to copyright protection, we review the trial court's determinations of originality under a clearly erroneous standard. Fed.R.Civ.P. 52(a); *Financial Information, Inc. v. Moody's Investors Serv., Inc.,* 808 F.2d 204, 207–08 (2d Cir.1986),

*cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987).

■ With those rules in mind, we address the copyrightability of the Folio Rose first. As noted, Folio had a certificate of copyright registration for its rose which entitled it to a presumption of validity. Defendants offered no proof at trial to overcome this presumption. Thus, the district court correctly found Folio owned a copyright in the Folio Rose and was entitled to be protected from infringement. *See* 17 U.S.C. § 410(c); *Weissmann,* 868 F.2d at 1320–21.

### B. *The Background Component of Pattern # 1365*

■ With respect to the copyright regarding the background of design Pattern # 1365, Folio presented no proof at trial, being content to rest solely on its certificate's presumption of validity. The district court found the presumption rebutted. In reaching this finding, the trial court relied on the testimony of Catherine Bruckert, commercial attaché in charge of sales for Bruckert Design Studio—the studio that had sold Folio design Pattern # 1365—and on defendants' expert witness, Professor Lee Stewart. These witnesses testified to the effect that Bruckert's designer, Richard Sadjan, the original creator of the Folio Rose, had copied the background of Pattern # 1365 from an unspecified public domain source. Based upon this proof the trial court ruled the background was not original and therefore not copyrightable. *See Feist Publications, Inc.,* 111 S.Ct. at 1287 ("To qualify for copyright protection, a work must be original to its author."); *L. Batlin & Sons, Inc.,* 536 F.2d at 490 (copyright protection not accorded to work "slavishly or mechanically copied from others").

■ Folio challenges the admission of Bruckert's testimony because she lacked personal knowledge of how Pattern # 1365 was created. The controlling rule of evidence is Rule 602, which states, in relevant part, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Fed.R.Evid. 602. The test is whether a reasonable trier of fact could believe the witness had personal knowledge. *See United States v. Owens–El*, 889 F.2d 913, 915 (9th Cir.1989) (per curiam); Wright & Gold, 27 *Federal Practice and Procedure* § 6022 at 193–94. Bruckert explained that she believed the background of Pattern # 1365 was a public domain document in her studio's possession. She had significant responsibilities and control at Bruckert Studio, including supervising the designers and overseeing their work. A trier of fact could reasonably have found from this evidence that she had personal knowledge of the source of the background of Pattern # 1365. The fact that Ms. Bruckert stated she "believed" the document was one in her studio's possession rather than that she "knew" so is not a basis for excluding her testimony, so long as she testified, as here, from general observation and knowledge, and not upon conjecture or hearsay. *See* McCormick, *Evidence* § 10 p. 21–22.

Stewart, the expert witness, stated that because Sadjan spent only a short time on the pattern its background was not original. Folio complains that Stewart's reliance on Ms. Bruckert's testimony—in substance that Pattern # 1365 was the first of several patterns Sadjan *completed* that day—to reach his conclusion that Sadjan copied the background should not have been credited, because there was no evidence that Sadjan *started* Pattern # 1365 on the day he completed it. Appellant's complaint on this score does not carry the day. The trial court could properly credit Stewart's testimony as an expert, *see L. Batlin & Sons, Inc.*, 536 F.2d at 489, and it is at least as reasonable to infer from Ms. Bruckert's statement that Pattern # 1365 was the first pattern started and completed that day, as it is to infer that Sadjan completed Pattern # 1365 that day, but started it sometime earlier and spent many hours hand drawing it. We see no basis to fault the district court's finding the former inference more credible than the latter.

Even crediting the above testimony, Folio insists the district court erroneously found its background simply a photocopy from a public domain document. But, there was ample evidence to support the finding that Sadjan copied the background of Pattern # 1365 from a public domain document. Ms. Bruckert testified that the studio created "documentary designs" from public domain material, and that she believed the source for the background in # 1365 was a document in her studio's possession. Professor Stewart stated that the design was too consistent and regular to have been done by hand in less than several days and concluded that, since Sadjan completed the work in one day, he contributed *nothing*, not even a trivial variation to the background of Pattern # 1365.

All of this proof was properly relied on by the trial court. As a consequence, it was not clearly erroneous for him to find the background of Pattern # 1365 was not original. *See* Fed.R.Civ.P. 52(a). Judge Newman correctly concluded therefore that the background to design Pattern # 1365 was not copyrightable. *See Feist Publications, Inc.*, 111 S.Ct. at 1287; *L. Batlin & Sons, Inc.*, 536 F.2d at 490.

### C. Copyrightability of the Arrangement of the Folio Roses

We next discuss the copyrightability of the arrangement of the Folio Roses against the background in Pattern # 1365. The roses were placed in straight lines and turned so that the roses faced in various directions. The pattern thereby made was one of only slight originality. It was derived from an application of a popular mechanical process called "clip art," which consists of a designer cutting out photocopies of the rose, pasting them over the background, and photocopying the result.

Folio argues that Sadjan's placement of the roses was not copied from another source and not done for manufacturing ease, but was the result rather of artistic decisionmaking; hence, original and protectible. In the copyright context, originality means the work was independently created by its author, and not copied from someone else's work. The level of original-

ity and creativity that must be shown is minimal, only an "unmistakable dash of originality need be demonstrated, high standards of uniqueness in creativity are dispensed with." *Weissmann,* 868 F.2d at 1321; *see Feist Publications, Inc.,* 111 S.Ct. at 1287.

In ruling that the arrangement of the roses in Pattern # 1365 was not original, the district court relied on *Past Pluto Productions Corp. v. Dana,* 627 F.Supp. 1435 (S.D.N.Y.1986). In that case it was held that the seven spikes of plaintiff's foam Statue of Liberty hats—uniform in size and shape as opposed to the uneven spikes on the crown of the actual Statue of Liberty— were not originals protected by copyright because the design was "composed of elemental symmetry and prompted most probably by the promise of convenience in manufacture." *Id.* at 1441.

The instant case is distinguishable from *Past Pluto.* The arrangement of the roses over the background portion of Pattern # 1365, while perhaps elementally symmetrical, does not appear to be designed to ease manufacture since, once the decision as to how to place the item against the background was made and executed, the whole piece was copied mechanically. Thus, it did not matter for manufacturing purposes of what the original design consisted. Rather, Sadjan's decision to place the roses in straight rows was an artistic decision. Further, there is no evidence that Sadjan copied the placement of the roses from any source. Consequently, the district court's finding that the particular arrangement given the Folio Rose in Pattern # 1365 was not original was clearly erroneous. Although the arrangement may have required little creative input, it was still Sadjan's original work and, as such, copyrightable. *See Feist Publications, Inc.,* 111 S.Ct. at 1287.

It must be kept in mind that the scope of copyright protection for Folio's fabric design found above is narrow, extending only to the work's particular expression of an idea, not to the idea itself. *See Walker v. Time Life Films, Inc.,* 784 F.2d 44, 48–49 (2d Cir.), *cert. denied,* 476 U.S. 1159, 106

S.Ct. 2278, 90 L.Ed.2d 721 (1986); 17 U.S.C. § 102(b) (1988). Hence, what is protected in this case is the Folio Rose itself and the way in which *that* rose is arranged; the copyright umbrella does not cover the idea of arranging roses generally in a straight line pattern. With the copyrightable elements identified, we proceed to analyze whether Folio's copyright was infringed by Lida's Baroque Rose pattern.

## II Infringement

Infringement of a copyright may be inferred when it is shown defendants had access to the copyrighted work and substantial similarities exist as to protectible material. *Walker,* 784 F.2d at 48. In other words, a plaintiff must first show his work was copied by proving access and substantial similarity between the works, and then show the copying was "illicit" by demonstrating that the similarities relate to protectible material. *See id.; Arnstein v. Porter,* 154 F.2d 464, 468 (2d Cir.1946) (Frank, J.). Even when plaintiff can show access, there is no infringement if the similarities between the works are not sufficient to prove copying. *Arnstein,* 154 F.2d at 468. Further, if the proof establishes that one work was arrived at independently, without copying the other, there is also no infringement. *See Alfred Bell & Co. v. Catalda Fine Arts,* 191 F.2d 99, 103 (2d Cir.1951) (Frank, J.).

If copying is established then the second step—that of showing unlawful appropriation—is reached. *See Walker,* 784 F.2d at 51. This test for illicit copying to prove infringement of another's copyright demands that the similarities relate to protectible material; the test asks whether "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc.,* 274 F.2d at 489; *see Walker,* 784 F.2d at 51. Of course, the ordinary observer would compare the finished product that the fabric designs were intended to grace (women's dresses), and would be inclined to view the entire dress—consisting of protectible and unprotectible elements—as one

whole. Here, since only some of the design enjoys copyright protection, the observer's inspection must be more discerning.

■ In considering substantial similarity between two items, we review the district court's findings *de novo*—not on the clearly erroneous standard—because what is required is only a visual comparison of the works, rather than credibility, which we are in as good a position to decide as was the district court. *See Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 402–03 (2d Cir.1989).

■ Applying these principles to the case at hand, access to Pattern # 1365 has been admitted by defendants. Thus, the issues before us are narrowed in the first step of our analysis to considering whether there is substantial similarity between the works, and whether there was independent origination for the work. We have viewed the fabrics bearing each of the designs at issue in this case and, applying the more discerning "ordinary observer" test, conclude there was no copying. Although the roses in both designs are placed against the background in a similar straight line pattern, the roses themselves are not substantially similar. As the district court correctly pointed out, each of the roses in Pattern # 1365 is identical, while the roses in the Baroque Rose pattern differ from each other in their details and nuances. The Baroque Roses appear to be in soft focus and the Folio Rose has a sharper, clearer image. Moreover, though playwrights and poets from William Shakespeare to Gertrude Stein have extolled the beauty of this five-petaled flower, by the rose's very nature one artist's rendering of it will closely resemble another artist's work. For these reasons, we believe that "an average lay observer would [not] recognize the alleged copy as having been appropriated from the copyrighted work." *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 (2d Cir.1977) (quoting *Ideal Toy Corp. v. Fab–Lu Ltd.*, 360 F.2d 1021, 1022 (2d Cir. 1966)).

■ In addition, there was considerable evidence in the record from which the district court could have concluded that Lida's design was arrived at independently. *See Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) (appellate court is free to affirm district court decision on grounds for which there is a sufficient record for a conclusion of law even if not relied on by district court), *cert. denied*, — U.S. ——, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991). A description of how the background and the Baroque Rose were created makes this clear. The record evidence establishes that Lida's background for its Baroque Rose was derived from a plate designed by William Morris, a nineteenth century English textile designer. A xerox was taken of the Morris plate, enlarged and then photocopied. An acetate was then made on the Xerox machine—because it apparently is easier to work with an acetate—and the pattern was laid out so that it repeats itself perfectly within the size of a 25–inch screen. At this point the William Morris' background was redrawn freehand, to make it more original. The rose Lida obtained was a design by Susie Badansky from her English studio. That rose design was reduced, with slight freehand changes, on a Xerox machine and then "tossed" against the background, *i.e.*, arranged randomly. The background and the flowers were then combined in several trial and error steps until a perfect balance between the shape of the rose and the background was obtained. These facts show that Lida's design was an original work arrived at independently.

Thus, on either of these alternative grounds, there was no copying and, therefore, no infringement by defendants. *See Walker*, 784 F.2d at 48. Even were we to conclude there was copying, the roses are not substantially similar and are both originals, so it cannot be said that the Baroque Rose pattern infringed on the protectible material in Pattern # 1365—the Folio Rose and its arrangement. Consequently, the Baroque Rose pattern does not infringe on Folio's copyright in Pattern # 1365.

### III  Attorney's Fees

■ Defendants requested that attorney's fees be awarded pursuant to 17

U.S.C. § 505 of the Copyright Act, which authorizes the district court in its discretion to award attorney's fees to the prevailing party. *See Whimsicality, Inc.*, 891 F.2d at 456. The district court denied the defendants' request. Whether to award attorney's fees depends, in part, on whether the plaintiff or the defendant is the prevailing party. *Roth v. Pritikin*, 787 F.2d 54, 57 (2d Cir.1986). Fees are awarded to prevailing plaintiffs as a matter of course, *Whimsicality, Inc.*, 891 F.2d at 457, but defendants are not awarded fees unless the plaintiff's suit is "baseless, frivolous, unreasonable, or brought in bad faith," *Roth*, 787 F.2d at 57, or "objectively without arguable merit." *Diamond v. Am-Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir. 1984). This is because awards of attorney's fees to prevailing defendants on a more liberal basis would chill a copyright holder's incentive to sue to redress infringement, in contravention of the Copyright Act's intention to encourage such suits. *See Roth*, 787 F.2d at 57.

Review on this issue is for abuse of discretion. *Whimsicality, Inc.*, 891 F.2d at 456–57. We think the district court's denial of defendants' request for attorney's fees was not an abuse of that discretion. There was no suggestion that Folio's lawsuit is baseless, frivolous, unreasonable, brought in bad faith, or objectively without arguable merit.

## CONCLUSION

Accordingly, for the reasons stated above, the judgment of the district court is affirmed.