**APPLE COMPUTER, INC., Plaintiff,**

v.

**MICROSOFT CORPORATION and Hewlett–Packard Company, Defendants.**

**No. C–88–20149–VRW.**

United States District Court, N.D. California.

Aug. 14, 1991.

Jack E. Brown, Brown & Bain, Phoenix, Ariz., and Chris R. Ottenweller, Brown & Bain, Palo Alto, Cal., for plaintiff Apple Computer, Inc.

David T. McDonald, Karl J. Quackenbush, McDonald & Quackenbush, P.S., William O. Ferron, Seed & Berry, David H. Binney, Preston, Thorgrimson, Shidler, Gates & Ellis, Seattle, Wash., and John N. Hauser, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendant Microsoft Corp.

Jonathan A. Marshall, Jon R. Stark, Pennie & Edmonds, New York City, Neil Boorstyn, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., Roland I. Griffin, Stephen P. Fox, Hewlett–Packard Co., Palo Alto, Cal., and Robert A. Skitol, Pepper, Hamilton & Scheetz, Washington, D.C., for defendant Hewlett–Packard Co.

## ORDER GRANTING MOTION FOR RECONSIDERATION

WALKER, District Judge.

### I. DEFENDANTS' MOTION FOR RECONSIDERATION.

Defendants Microsoft and Hewlett–Packard ("HP") move the court to reconsider its dismissal of defendants' affirmative defense that the elements of Apple's copyrighted works in suit are not sufficiently original to warrant copyright protection. 759 F.Supp. 1444. In essence, defendants seek to use lack of originality of constituent elements as a means of eliminating those elements from the substantial similarity of expression analysis. Defendants rely heavily on dicta from *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 548, 105 S.Ct. 2218, 2224, 85 L.Ed.2d 588 (1985) and *Feist Publications v. Rural Telephone Service Co.,* — U.S. ——, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) for the proposition that the copyright laws do not prohibit subsequent copying of unoriginal constituent elements from a prior author's work. Defendants also cite two Second Circuit cases in which lack of originality of component elements limited the scope of copyright protection. In *Silverman v. CBS, Inc.,* 870 F.2d 40 (2d Cir. 1989), the court concluded that the scope of protection afforded by the copyrights in issue only extended to expression which was added to radio scripts which were in the public domain. In *Folio Impressions, Inc. v. Byer California,* 937 F.2d 759 (2d Cir.1991), the Second Circuit concluded that the lack of originality of an element of a copyrighted work required exclusion of that element from the substantial similarity of expression analysis.

Upon reviewing the authorities cited by defendants, the court has concluded that in determining whether an individual element, completely divorced from its setting in a copyrighted work, is "unprotectible" (i.e., not entitled to copyright protection) there is apparently no principled means of distinguishing the traditional doctrines of merger, functionality, and scenes a faire from defendants' unoriginality of component elements theory. If a plaintiff directly copied

the expressive elements of his work from preexisting works, he has no right to preclude others from using those same "unoriginal" elements. The defendant may not, of course, take any original expressive elements from plaintiff's work and use them in a substantially similar manner simply because plaintiff used "unoriginal" elements and this remains true even if all but one of the expressive elements of plaintiff's work are unoriginal. The addition of even one original expressive element may so alter a work otherwise wholly comprised of unoriginal elements that copyright protection is appropriate. Nonetheless, to ensure defendants full opportunity to test their defenses, the court GRANTS defendants' motion for reconsideration to the extent that lack of original expression of a component element shall be relevant to the scope of protection and substantial similarity analyses.[1]

Defendants must show that the component features of Apple's works which are allegedly "unoriginal" have been directly copied from prior works. In other words, if Apple's expression of those component features is different from the expression of similar features in preexisting programs, then defendants have failed to establish that Apple's expression is "unoriginal."

## II. VARIATIONS ON THE SUBSTANTIAL SIMILARITY OF EXPRESSION TEST.

Consideration of the present motion has reawakened the court's concern with the apparent state of the law (especially in the Ninth Circuit) suggesting that elements of an allegedly infringed work which are found to be "unprotectible" must be eliminated from consideration in the substantial similarity of expression analysis. The problem results from the ofttimes metaphysical line drawing between idea and expression by which courts rationalize their decisions. *Shaw v. Lindheim*, 908 F.2d 531 (9th Cir.1990); *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d

1157 (9th Cir.1977) and *Arnstein v. Porter*, 154 F.2d 464 (2d Cir.1946), cert. denied, 330 U.S. 851, 67 S.Ct. 1096, 91 L.Ed. 1294 (1947), demonstrate the difficulties which this dichotomy poses for even the most thoughtful judges. Removing unprotectible elements prior to the substantial similarity of expression test would preclude copyright protection for factual compilations containing an innovative selection or arrangement of elements because each element would be eliminated and nothing would be left for purposes of determining substantial similarity.

For example, a defendant could argue that a plaintiff's musical composition is comprised of unprotectible musical notes which should be eliminated from the substantial similarity of expression analysis. Each individual note is unoriginal because not created by the composer. Alternatively, the defendant could argue that there is no other way to express the idea of a B-sharp note and, therefore, the "idea and expression" have merged. The problem with analytic dissection of copyrighted works is that carried to an extreme, it can preclude copyright protection for works which deserve protection in that they represent creative effort which the copyright laws seek to foster. Although HP contends that it is not urging the court to dissect features of Apple's works to such a trivial degree, the parties offer no comprehensible standard to ascertain how close a dissection is required to implement the copyright laws.

Some dissection of elements and the application of merger, functionality, scenes a faire, and unoriginality theories are necessary to determine which elements can be used freely by the public in creating new works, so long as those works do not incorporate the same selection or arrangement as that of the plaintiff's work. Because there ought to be copyright protection for an innovative melding of elements from preexisting works, elements which have been deemed "unprotectible" should not be eliminated prior to the substantial similari-

---

1. The court grants this reconsideration despite the reported observation of Microsoft's counsel that the motion does not matter "a lot." *Wall* *Street Journal*, section B, p. 2 col. 6, July 29, 1991.

ty of expression analysis. Suppose defendant copied plaintiff's abstract painting composed entirely of geometric forms arranged in an original pattern. The alleged infringer could argue that each expressive element (i.e., the geometric forms) is unprotectible under the functionality, merger, scenes a faire, and unoriginality theories and, thus, all elements should be excluded prior to the substantial similarity of expression analysis. Then, there would be nothing left for purposes of determining substantial similarity of expression. In this example, elimination of "unprotectible" elements would result in a finding of no copyright infringement, which would be clearly inconsistent with the copyright law's purpose of providing incentives to authors of original works.

 Accordingly, the court concludes that even if elements are found "unprotectible," they should not be eliminated from the substantial similarity of expression analysis. Instead, if it is determined that the defendant used the unprotectible elements in an arrangement which is not substantially similar to the plaintiff's work, then no copyright infringement can be found. If, on the other hand, the works are deemed substantially similar, then copyright infringement will be established even though the copyrighted work is composed of unprotectible elements. There is simply no other logical way of protecting an innovative arrangement or "look and feel" of certain works.

In the presentation of their respective positions, the court urges the parties to review and consider J. Wiley, "Copyright at the School of Patent," 58 *U.Chi.L.Rev.* 119 (1991). The author's effort to link copyright analysis to the underlying purpose of the law strikes the undersigned as an approach which might well afford a sound basis for decision of the substantial similarity issues presented here.

## III. FURTHER PROCEEDINGS.

The court notes the correspondence of the parties concerning Apple's revised Supplemental List of Similarities Regarding Windows 3.0 and NewWave 3.0: letter to the court from David T. McDonald, dated August 1; letter to the court from Chris R. Ottenweller, dated August 2. The clerk is directed to file these letters as part of the record herein. In accordance with the apparent understanding of the parties, Apple is given until August 15, 1991 to file its supplemental list.

The court has received letters dated August 1 and 12 from Mr. Ottenweller, one of Apple's counsel, and letters dated August 6 and 8 from Mr. Marshall and Mr. McDonald, respectively, concerning a discovery dispute pertaining to interrogatories. In consideration of the complexity of this case, the court suspends the 35 interrogatory limit established by Local Rule 230–1(b). Each party shall be allowed a maximum of 350 interrogatories, including subparts. The court, however, admonishes the parties not to abuse this leave. In the court's view, interrogatories are best suited for purposes of identifying specific facts and sources of information.

The court notes with some apprehension that counsels' recent letters to the court suggest that the parties have been engaging in what appears to be rather unproductive skirmishing concerning discovery. Among the matters in contention are dates, times and length of certain depositions. If counsel are unable to proceed efficiently and professionally with discovery, the court will consider appointment of a discovery master pursuant to F.R.Civ.P. 53 to monitor discovery *at the parties' expense.* In order to help expedite matters, the court orders that no deposition of any witness shall exceed 8 hours in duration without leave of the court. Parties are advised to report to the court obstructionist tactics of their adversaries during these proceedings.

Finally, the court appreciates the parties' attempts to illustrate the programs in suit in videotaped demonstrations. The resolution of the tapes is low, however, making it difficult to discern outlines, grey borders, and other details. In order to enhance the court's understanding of the works in suit and its ability to evaluate the issues, the court requests the parties to make available at their earliest possible convenience,

the works in suit, the hardware, and instruction necessary to provide the court with a working familiarity with the programs and their operation. Counsel are directed to meet and confer to make appropriate arrangements.

SO ORDERED.