**LANGMAN FABRICS, a division of Block's Fashion Fabrics Inc., Plaintiff,**

v.

**SAMSUNG AMERICA, INC. and Fashion Initiatives, Inc., Defendants.**

**No. 96 Civil 7433(HB).**

United States District Court, S.D. New York.

July 2, 1997.

---

John P. Bostany, Bostany Law Firm, New York City, for Plaintiff.

Thomas A. Catalano, Lester, Schwab, Katz & Dwyer, New York City, for Defendant Fashion Initiatives, Inc.

Keith Lurie, Ira Glauber, Jaffe & Asher, New York City, for Defendants Samsung America, Inc.

## OPINION AND ORDER

BAER, District Judge.

This copyright infringement case involves the alleged copying by defendants of plain-

tiff's copyrighted fabric design. Both the plaintiff and the defendants moved for summary judgment. Because the plaintiff does not hold the copyright in the fabric design, or in the alternative because its copyright notice was defective, defendants' motion for summary judgment must be granted and plaintiff's motion for summary judgment denied.

### I. *Background*

Langman Fabrics, a two-employee operation,[1] is a division of Block's Fashion Fabrics, which is a company that converts textiles. Langman Fabrics obtains designs for fabrics, either through Mr. Langman's ideas or by purchasing artwork from textile design studios, which Block's then uses in its conversion business. At issue here is plaintiff's fabric design "Pattern # L–303 Plume," which was created in 1984 and for which plaintiff received a Certificate of Registration on December 7, 1984.

Defendant Fashion Initiatives ("Fashion") is a fabric broker that takes orders for fabric designs from garment manufacturers and forwards those orders to fabric manufacturers. Defendant Samsung America, Inc. ("Samsung") financed Fashion's transactions with its garment manufacturer customers for a fee. Fashion's customers may choose fabric designs from its library of design samples of printed and unprinted fabrics. Plaintiff claims that one of these patterns, Fashion's Pattern No. 1213, is a feather design that infringes on its copyrighted design.

In December, 1995, Graff Californiawear,[2] a garment manufacturer submitted a purchase order to Fashion for 3000 yards of fabric imprinted with Pattern No. 1213. Samsung then issued a letter of credit and a purchase order to a Korean fabric manufacturer to purchase that fabric on Samsung's credit. Samsung then arranged for the importing of the fabric into the United States.

On September 30, 1996, plaintiff brought this action, by order to show cause, claiming that defendants violated its copyright in "Pattern # L–303 Plume." After a hearing,

---

1. The two employees are Aaron Langman and his partner Gerald Block.

2. Graff Californiawear was originally named a defendant in this action, as was Arizona Mail Order Company, Inc. However, plaintiff and these parties resolved their dispute.

the parties agreed to keep a preliminary injunction in place while they briefed motions for summary judgment. After oral argument, I denied plaintiff's and defendants' motions, allowed additional discovery and asked for briefs on two issues: the "work for hire" doctrine and the adequacy of plaintiff's copyright notice.

## II. *Discussion*

Defendants argue that plaintiff does not own the copyright because the design was created by an artist who was not plaintiff's employee. Defendants also argue that plaintiff does not enjoy copyright protection in the design because plaintiff's copyright notice did not include the year of first publication as required by statute. Plaintiff argues that it authored the design and thus satisfies the "work for hire" doctrine and that it is excused from any defect in the copyright notice because the fabric is a "useful article" and as such is exempt from the year of first publication requirement.

### A. *The Work for Hire Doctrine*

█ Pursuant to the Copyright Act, ownership of a copyright vests with the author of the work, the "party who actually creates the work, . . . the person who translates an idea into a fixed, tangible medium of expression entitled to copyright protection." *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 737, 109 S.Ct. 2166, 2171, 104 L.Ed.2d 811 (1989) (citing 17 U.S.C. § 102). There is, however, an exception to this rule under the "work for hire" doctrine which provides "the employer or other person for whom the work was prepared is considered the author" of the work and owns the copyright. § 102(b).

In determining whether the work is a work made for hire the court must "ascertain, using principles of the general common law of agency, whether the work was prepared by an employee or an independent contractor." *Id.* at 751, 109 S.Ct. at 2178. In *Reid* the Supreme Court outlined the factors pertinent to this inquiry, and the Second Circuit has adopted a "weighted approach" of the *Reid* factors, citing five factors that will be "significant in virtually every situation . . . and [which] should be given more weight in the analysis, because they will usually be highly probative of the true nature of the employment relationship." *Aymes v. Bonelli,* 980 F.2d 857, 861 (2d Cir.1992). These factors include: "(1) the hiring party's right to control the manner and means of creation; (2) the skill required; (3) the provision of employee benefits; (4) the tax treatment of the hired party; and (5) whether the hiring party has the right to assign additional projects to the hired party." *Id.* With this in mind, I address the circumstances of this case.

### 1. *The Right to Control the Manner and Means of Creation*

Mr. Langman exercised some control over the manner and means of creation of the design. According to his November 4, 1996 deposition, Aaron Langman ("Langman Dep. # 1") "asked [the artist] to do a feather pattern, very similar to what the Three Musketeers wore." Langman Dep. # 1, p. 19–20. Once the artist created a painting of the feather pattern, Mr. Langman gave her "corrections" and asked her to alter it to make it closer to the idea he had in mind. Langman Dep. # 1, p. 21. Mr. Langman, however, played no role with respect to such things as the type of brushes or pencils the artist used. *See Marco v. Accent Publishing Co.,* 969 F.2d 1547, 1551 (3d Cir.1992). Indeed, the artist had the authority to select these instruments and the art supply store from which to purchase them. Langman Aff. # 2, p. 145. Furthermore, although in Mr. Langman's affidavit submitted in opposition to defendants' motion he claims in conclusory fashion that he carefully provided "instruction on the design specification and elements of the patterns," in his second deposition departs radically from his earlier testimony. Suddenly, he actually created the design. He arranged photocopies of ostrich feathers and then asked the artist to draw a pencil sketch. This does not create a genuine issue of material fact so as to defeat a motion for summary judgment. It is well-settled that a party may not defeat such a motion by submitting an affidavit that disputes his prior sworn testimony. *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.,* 925

F.2d 566, 572 (2d Cir.1991) (citing *Mack v. United States,* 814 F.2d 120, 124 (2d Cir. 1987)).

While there is evidence that Langman exercised some control over the details of the design, "the extent of control the hiring party exercises over the details of the product is not dispositive." *Reid,* 490 U.S. at 752, 109 S.Ct. at 2179. An analysis of the other factors compels the finding that the artist was not plaintiff's employee, but was instead an independent contractor.

### 2. *The Skill Involved*

This factor, too, suggests that the artist was not plaintiff's employee. In Mr. Langman's first deposition, he described the designer as a "freelance artist." Langman Dep. # 1, p. 19. He stated that she took classes in "illustration [and] designing" and that she utilized "brushes, different width brushes, [and] ... pencils" when creating her artwork. Langman Dep. # 2, p. 145. An examination of the design reveals that the artist did more than "merely transcrib[e] [Langman's] instructions." *Aymes,* 980 F.2d at 862. Mr. Langman may have provided an idea for the pattern to the artist but clearly the artist used the "skills [she was] develop[ing]" as a student at the Fashion Institute of Technology to take that idea and create the design. *Id.* Indeed, Mr. Langman hired the artist with her level of skill because he himself "[doesn't] know how to draw." Langman Dep. # 1, p. 22. While the artist "may not be skilled in the sense that [Picasso] was skilled ... [f]rom a legal perspective ... [the artist] is certainly skilled in the sense that Reid, the sculptor in the *CCNV* case, was skilled." *Marco,* 969 F.2d at 1551. This factor too tilts the scales in favor of a finding that the artist was an independent contractor and not plaintiff's employee.

### 3. *Employee Benefits and Tax Treatment*

In this Circuit, the receipt of employee benefits and the tax treatment of the hired party "is highly indicative" of whether or not a person is considered an employee. *Id.*

Indeed, the Second Circuit noted in 1992 that "every case since *Reid* ... has found the hired party to be an independent contractor where the hiring party failed to extend benefits or pay social security taxes." *Id.* at 863.

Here, deposition testimony establishes that the artist received no medical benefits and no employee benefits such as sick time, vacation days, pension benefits. Furthermore, although plaintiff has offered deposition testimony that state and federal taxes were withheld from the $25 per day the artist was compensated [3], there is no documentary evidence to this effect. No W–2 Form or Form 1099 was produced. Block Dep., p. 47. Based on the teaching of *Aymes,* this factor weighs heavily in favor of finding that the artist was an independent contractor and "constitute[s] a virtual admission of [that] status." *Id.* at 862.

### 4. *Right to Assign Other Projects*

Deposition testimony evidences the fact that Mr. Langman had the right to and did assign the artist projects other than the design at issue here. Although this factor weighs in favor of a finding that the artist was plaintiff's employee, it "carries less weight than those evaluated above, because the delegation of additional projects is not inconsistent with the idea" that the artist was an independent contractor called upon to provide her services as needed. *Id.* at 863.

### 5. *The Remaining Factors*

As to the remaining factors, some weigh in favor and some against independent contractor status and others are irrelevant to our inquiry. That the artist received a regular wage rather than a sum of money per project and the fact that the work done by the artist weigh in plaintiff's favor while the fact that the artist had discretion over when and how long she worked and that the duration of the parties' relationship was a short three months favor a finding that the artist was an independent contractor.

---

**3.** It is interesting to note that at Mr. Langman's first deposition he testified that plaintiff paid the artist "$25 [per day] and that was it." Langman Dep. # 1, p. 150. Subsequently, Mr. Block testified that plaintiff did withhold taxes from that $25 per day compensation. Block Dep. p. 47.

Taken together, the fact that the design involved a high degree of creative skill, that Langman did not provide employee benefits and the conflicting and unsubstantiated evidence with respect to whether or not taxes were withheld compels the conclusion that the artist was an independent contractor and not plaintiff's employee. Consequently, plaintiff does not own the copyright and the cause of action must be dismissed.

### B. Copyright Notice

Works published prior to March 1, 1989, when the Berne Convention Implementation Act of 1988 became effective, must comply with copyright notice requirements: the notice must include the year of first publication of the work, the name of the copyright owner, and the symbol "C" within a circle or some version of the term "Copyright" 17 U.S.C. §§ 405(a); 401(b). The year date may be omitted, however, where such work is a "useful article." 17 U.S.C. § 401(b)(2). A "useful article" is "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101.

Here, the copyright notice on "Pattern No. L–303 Plume" stated "Copy Right Langman Fabrics," but omitted the year of the first publication. Plaintiff argues that because the fabric is a useful article, the year of the date of first publication is not required according to § 401(b)(2). However, courts in this Circuit have consistently held that fabric designs are copyrightable "writings" and have distinguished them from "useful articles" such as dress designs and clothes. *See Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir.1995); *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 763 (2d Cir.1991). Furthermore, defendants have produced a letter from an attorney in the Copyright Office which concludes that:

> [f]abric design is one category of visual arts registrations falling within the broad category 'design on sheet-like material.' Any such design per se is not considered to be a useful article. Thus a year date *is* required in the copyright notice appearing on fabric designs published before March 1, 1989. (emphasis in original).

Some consideration must be afforded an official communication from the Copyright Office. *Cf. Satellite Broadcasting and Communications Assn. of America v. Oman*, 17 F.3d 344, 347 (11th Cir.1994) (noting that the Copyright Office's regulations must be upheld unless they are " 'arbitrary, capricious, or manifestly contrary' to the provisions of the Copyright Act").

Since fabric design is not considered a useful article for purposes of the copyright laws, plaintiff's notice on "Pattern No. L–303 Plume" is insufficient. Consequently the fabric lacks copyright protection on this score as well.

### III. Conclusion

For the reasons stated above, defendants' motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED. The Clerk of the Court is instructed to close this case.

**SO ORDERED.**