Mary DUFFY, Plaintiff,

v.

PENGUIN BOOKS USA INC., d/b/a Penguin USA and Suzan Nanfeldt, Defendants.

No. 96 Civ. 9077(BDP).

United States District Court, S.D. New York.

April 2, 1998.

Craig Penn, Mintz & Penn, New York City, for Plaintiff.

Gerald E. Singleton, Frankfurt Garbus Klein & Selz, New York City, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff Mary Duffy brought this action against Penguin Books USA Inc. ("Penguin") and Suzan Nanfeldt for copyright infringement in violation of the Federal Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and for unfair trade practices and unfair competition as a result of the sale and distribution of the allegedly infringing publication. Duffy alleges that a book published by defendants unlawfully appropriated copyright protected material from two books published by Duffy.

The defendants have moved for summary judgment pursuant to Fed.R.Civ.P. 56. The plaintiff has cross-moved to amend the complaint to add a claim relating to Nanfeldt's photocopying of one of plaintiff's published books. For the reasons that follow, the defendants' motion is granted and the plaintiff's motion is denied.

### BACKGROUND

Plaintiff Duffy is the author of two books relating to style and fashion for large sized women, *The H–O–A–X Fashion Formula*

("Fashion Formula") and *The Complete Petite*[1] ("Petite"), which were published in 1987 and 1990, respectively. Duffy is the registered owner of a copyright with respect to each of these books. Nanfeldt is the author, and Penguin the publisher, of *Plus Style: The Plus–Size Guide to Looking Great* ("Plus Style"), which appeared in 1996. Both Fashion Formula and Petite have been out-of-print since prior to the time that Nanfeldt began to research and write Plus Style in 1994.

During the course of her research, Nanfeldt attempted to purchase a copy of Fashion Formula but because it was out-of-print was unable to do so. Eventually, Nanfeldt, after speaking with Duffy, located a copy of Fashion Formula at a public library. She read it and photocopied some portion of it for reference. While Nanfeldt claims that she photocopied Fashion Formula with Duffy's permission, Duffy denies that she gave Nanfeldt any such permission. The parties also dispute how significant a portion of Fashion Formula Nanfeldt photocopied. Nanfeldt cannot remember exactly how much of the book she copied, and she has disposed of the photocopied pages.

## DISCUSSION

A motion for summary judgment should only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hayes v. New York City Dep't. of Corrections*, 84 F.3d 614, 619 (2d Cir.1996); *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991). The court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos*, 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Hayes*, 84 F.3d 614 at 619. In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities in the light most favorable to, and draw all reasonable inferences in favor of, the party opposing the motion. *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 382 (2d Cir.1996).

■ To obtain summary judgment in a copyright infringement action, a defendant must show that there is no genuine issue that at least one requisite element of the plaintiff's case cannot be proven. Paul Goldstein, *Copyright*, § 7.4.2.2 (2d ed.) (1997). Summary judgment for the defendant may be granted on the basis of a comparison of the works at issue. *See, e.g., Kregos v. Associated Press*, 3 F.3d 656, 663–664 (2d Cir.1993) (granting defendant summary judgment after comparing the two works at issue and concluding that they shared only unprotected ideas).

■ The Copyright Act of 1976 (the "Act") grants certain exclusive rights to the owner of a copyright. 17 U.S.C. § 106; *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70 (2d Cir.1997). The Act protects "original works of authorship." 17 U.S.C. § 102. Copyright protection for an original work of authorship, however, does not extend to the ideas, facts, or concepts contained within such work. *Id.; Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). "Facts ... are not original and therefore may not be copyrighted." *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 350, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). The "protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself." *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 141 (2d Cir.1992) (quoting *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 912 (2d Cir.1980) (internal quotations omitted)). Copyright protection "assures authors the right to their original expression, but encourages others to build freely upon the ideas and information con-

1. Duffy co-authored *The Complete Petite* with Janet Attwood, who, although a holder of the copyright, has chosen not to join as a plaintiff in this action.

veyed by a work." *Feist,* 499 U.S. at 349, 111 S.Ct. 1282.

■ To prevail in an action for copyright infringement, "a plaintiff must show ownership of a valid copyright and the defendant's infringement by unauthorized copying." *Laureyssens,* 964 F.2d 131, 139 (2d Cir.1992) (citations omitted). This standard requires the plaintiff to prove that the defendant copied from plaintiff's work and that the elements copied amount, as a whole, to an improper appropriation of protectable elements of plaintiff's work. *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 701 (2d Cir.1992); *Arnstein v. Porter,* 154 F.2d 464 (2d Cir.1946). In this case, it is undisputed that Duffy holds valid copyrights with respect to both Fashion Formula and Petite. Therefore, the Court will consider only whether there was copying of protected expression sufficient to amount to improper appropriation.

■ "Copying may be established either by direct evidence of copying or by indirect evidence, including access to the copyrighted work, similarities that are probative of copying between the works, and expert testimony." *Laureyssens,* 964 F.2d at 140. In this case, a reasonable inference could be drawn that actual copying occurred. It is undisputed that Nanfeldt had access to Duffy's copyrighted material and in fact photocopied and kept some portion of Fashion Formula. Although Nanfeldt states that she was never able to locate Petite because it was out-of-print, the plaintiff claims that Petite was available in the public library.

■ Assuming, *arguendo,* that actual copying occurred, the "plaintiff must then show that the copying amounts to an improper appropriation by demonstrating that substantial similarity [of] protected material exists between the two works." *Laureyssens,* 964 F.2d at 140; *Knitwaves v. Lollytogs Ltd.,* 71 F.3d 996, 1002 (2d Cir.1995) (citing *Fisher–Price v. Well–Made Toy Mfg. Corp.,* 25 F.3d 119, 122–123 (2d Cir.1994)). Typically, "the test for substantial similarity is the so-called ordinary observer test," whether an average reader would "recognize the alleged copy as having been appropriated from the copyrighted work." *Knitwaves v. Lollytogs Ltd.,* 71 F.3d 996, 1002 (2d Cir.1995) (citing *Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 766 (2d Cir.1991) (quotations and citations omitted)). The plaintiff must show that the defendant copied sufficient protected expression that audiences will perceive substantial similarities between the defendant's work and plaintiff's protected expression. *Walker v. Time Life Films, Inc.,* 784 F.2d 44 (2d Cir.1986). "The plaintiff must show that the defendant appropriated the plaintiff's particular means of expressing an idea, not merely that he expressed the same idea." *Knitwaves, Inc.,* 71 F.3d at 1002 (quoting *Fisher–Price,* 25 F.3d at 123)). If "the similarities between the protected elements of plaintiff's work and the allegedly infringing work are of small import quantitatively or qualitatively ... the defendant will be found innocent of infringement." *Williams v. Crichton,* 84 F.3d 581, 588 (2d Cir.1996) (internal quotations and citations omitted).

■ Not all elements of a copyrighted work will be protected. For example, scenes a faire, elements of a work that necessarily result from its subject matter or ideas, do not enjoy copyright protection. *Williams,* 84 F.3d at 587–588 (citing *Walker,* 784 F.2d at 48). If a work contains both protectable and unprotectable elements, infringement is to be judged on the basis of the similarity solely of the protectable elements. *Williams,* 84 F.3d at 588. "If the similarity concerns only non-copyrightable elements of plaintiff's work or no reasonable trier of fact could find the works substantially similar, summary judgment is appropriate." *Williams,* 84 F.3d at 587 (internal quotations and citations omitted).

■ A Court may base a finding of substantial similarity on the defendant's copying of actual words and phrases provided that the defendant has "appropriated enough of plaintiff's sequence of thoughts, choice of words, emphasis, and arrangement to satisfy the minimal threshold of required creativity [necessary for copyright protection]." *Arica Institute,* 970 F.2d at 1073 (quoting *Salinger v. Random House, Inc.,* 811 F.2d 90, 98 (2d Cir.1987)). Substantial similarity may also

result from "comprehensive non-literal similarity ... where there is no word-for-word or literal similarity but where defendant has nonetheless appropriated the fundamental essence or structure of plaintiff's work." *Arica Institute*, 970 F.2d at 1073.

The Court has compared the relevant portions of the three books and has also considered the similarity of the books as a whole. A finder of fact could not reasonably conclude that Nanfeldt copied protected expression from Duffy's work sufficient to constitute improper appropriation.

Duffy's central claim is that Nanfeldt improperly appropriated the four categories she used to describe the shape of a woman's body. Duffy's categorization scheme—termed the H–O–A–X system, in which each letter represents a different body type—served as the central organizing principle of Fashion Formula. After introducing the basic concept, she devoted one chapter to each body type and in the remainder of the book offered a variety of fashion suggestions and guidelines relating to hair, jewelry, accessories, makeup, and wardrobe.

 Duffy is correct, and Nanfeldt admits, that Plus Style uses a four part classification system for women's body types. Although Nanfeldt does not use Duffy's lettering system, the description of the body types themselves is similar to those in Fashion Formula. This similarity, however, does not constitute improper appropriation because the idea that women's bodies come in one of four types is not copyright protectable.[2] The idea is a common one that Nanfeldt and others are free to build upon, although not to express in precisely the same manner as Duffy. Additionally, Plus Style does not rely on the body type schema as an organizing principle, as does Fashion Formula.

 The structure of Plus Style does not impermissibly track Fashion Formula in other respects either. The books do cover many of the same topics. For example, both Plus Style and Fashion Formula have separate chapters on accessories, hair, and makeup. But this overlap of coverage does not amount to improper appropriation. One would expect any book related to fashion and style to address such topics in some detail. It should be noted that the topics covered in the two books are not identical and that the emphases are different as well. While Fashion Formula does indeed provide a "formula" for dressing and looking one's best, Plus Style is written more as a resource guide. It offers a collection of information and ideas rather than a detailed plan. In sum, Plus Style has not appropriated the fundamental essence or structure of Fashion Formula. *See Arica Institute*, 970 F.2d at 1073.

Plaintiff Duffy has also provided a side-by-side comparison of passages from each of the books which purports to identify sections of Plus Style copied from Fashion Formula or Petite. Although the books discuss the same subject matter in these passages, Plus Style does not mimic either Fashion Formula or Petite sufficiently to amount to improper appropriation.

 Much of what Duffy claims was copied from her books consists of facts and ideas beyond the scope of copyright protection and which would likely be found in any book relating to fashion or style. For example, Nanfeldt provides similar, though not exactly the same, statistics as Duffy regarding the average physical characteristics of American women. Duffy writes in Fashion Formula that "Statistically speaking, the average woman is 5'3.8" tall, weighs 143 pounds, is 32.8 years old and wears a dress size 12 or 14." A similar statement, using the same figures, appears in Petite. In Plus Style, Nanfeldt states that "The truth is, the real American woman looks nothing like what you may think. The average woman is 5'4" tall, weighs 144 pounds, is a size 12 on the top and a 14 on the bottom." These are prototypical examples of the sort of facts that are not subject to copyright protection.[3] *See Feist*, 499 U.S. at 349–350, 111 S.Ct. 1282.

---

**2.** Both Nanfeldt and Duffy acknowledge that at least one other author has also described women as having four body types.

**3.** Plus Style also contains drawings of a female body similar to illustrations contained in Fashion Formula. These similarities, however, do not amount to improper appropriation of protected

Similarities also exist between Nanfeldt's and Duffy's books with respect to other ideas, facts, or *scenes a faire* for which copyright protection is not available. For example, each of the three books offers directions for taking one's measurements, discusses the effect of clothing color and texture on appearance, and urges the reader to recognize her own style preferences. While the substantive content of these discussions is often undeniably similar, these passages are in many cases no more similar than any two discussions might be of the same set of underlying facts, which, in any event, are not subject to copyright protection. *See Arica Institute,* 970 F.2d at 1074 (observing that "[o]nce the idea or fact is understood, even for the first time, the copyright laws do not protect these building blocks of knowledge from exploitation by anyone.") Thus, no reasonable trier of fact could conclude that Nanfeldt copied from Duffy's work sufficient protected expression to amount to improper appropriation.

■ Duffy attempts to establish improper appropriation on the basis of Nanfeldt's statements.[4] In a letter to her publisher, Nanfeldt described Fashion Formula as the predecessor to Plus Style and noted that she had decided to treat issues of color, line, and design in a single chapter, as had Fashion Formula. In a handwritten note to her publisher, Nanfeldt stated that she had made changes to the manuscript in part "so people don't sue me for getting too close to their verbiage." While these statements evidence Nanfeldt's awareness of the possibility of copyright infringement and are perhaps relevant to the issue of actual copying, they do not create any presumption of or constitute any proof of improper appropriation. Altering text so as to diminish the prospect of litigation is a wise, if not always effective, practice. *See Knitwaves v. Lollytogs Ltd.,* 71 F.3d 996, 1002 (2d Cir.1995) (noting that "a defendant may legitimately avoid infringement by intentionally making sufficient changes in a work which would otherwise be regarded as substantially similar" to plaintiff's work) (citations and internal quotations omitted).

■ Duffy seeks leave to amend the complaint to add a claim regarding Nanfeldt's photocopying of the Fashion Formula book she borrowed from the public library. Defendant Nanfeldt admitted in her deposition that she photocopied some portion of Fashion Formula in the course of her research for Plus Style. Such photocopying, however, does not justify the imposition of liability due to the "fair use" doctrine, which is an affirmative defense to a claim of copyright infringement. *See American Geophysical Union v. Texaco Inc.,* 60 F.3d 913, 918 (2d Cir.1994). "The 'fair use' exception applies where the Copyright Act's goal of encouraging creative and original work would be better served by allowing the use than by preventing it." *Arica Institute,* 970 F.2d at 1077. In the circumstances of this case, Nanfeldt's photocopying represents a fair use.

There are four factors that must be considered in determining whether a putative copyright infringement is entitled to the defense of fair use: (1) the purpose and character of the use, (2) the nature of the copyrighted work (e.g., whether the work was published or unpublished), (3) the substantiality of the portion copied, and (4) the effect of the use upon the potential market for the work. 17 U.S.C. § 107; *Arica Institute,* 970 F.2d at 1077–1079. Three of these four factors weigh in favor of Nanfeldt. First, if the defendant's use is for research, this factor will favor the defendant. 17 U.S.C. § 107; *Arica Institute,* 970 F.2d at 1077. Nanfeldt's photocopying of Fashion Formula was for research purposes even though she intended to market Plus Style commercially. *See*

expression. The figures are positioned differently. For example, in one the arm is at the side against the body, while in the other the arm is lifted with the hand away from the body. The similarities result primarily from the fact that any two depictions of a "typical" female body would share many non-copyrightable elements in common.

4. Duffy also points to a letter Nanfeldt received from the author of another book in the same field complaining because Nanfeldt had not sufficiently credited her for her (original) method of measuring the female body.

*American Geophysical Union*, 60 F.3d at 920–921. Second, Fashion Formula was published, a factor that favors Nanfeldt "because the scope of fair use is narrower with respect to unpublished works" that are not available to the general public. *Arica Institute*, 970 F.2d at 1078 (quoting *New Era Publications Int'l, ApS v. Carol Publishing Group*, 904 F.2d 152, 157 (2d Cir.1990)). The third factor favors the plaintiff due to the uncertainty regarding how much of Fashion Formula Nanfeldt photocopied. Although she states that she did not copy the entire book, she is uncertain whether she copied more or less than 3/4 of the book. A finder of fact could thus reasonably conclude that Nanfeldt copied a substantial portion of Fashion Formula. The fourth factor, which is the most important element of the fair use analysis, concerns the effect of the allegedly infringing use on the market for the copyrighted work. *See American Geophysical Union*, 60 F.3d at 926. This factor weighs in favor of Nanfeldt. Because Fashion Formula was out-of-print at the time, Nanfeldt was unable to purchase the book. Thus, Duffy lost nothing as a result of Nanfeldt's decision to photocopy portions of the book.[5] *See American Geophysical Union*, 60 F.3d at 929–930. In view of this circumstance, the Court, in its discretion, concludes that plaintiff's proposed amendment to the complaint is inappropriate and should not be granted.

## CONCLUSION

For the reasons stated, defendants' motion for summary judgment is granted and plaintiff's motion to amend the complaint is denied. The Clerk of the Court is directed to enter judgement for the defendants.

**SO ORDERED.**

---

5. The Court also notes Plus Style could not have diminished the market for Duffy's books because both have been out-of-print since Plus Style was published. Duffy has submitted no evidence that either book would have been reprinted had it not been for the publication of Plus Style.