MILLIKEN & COMPANY, Plaintiffs,

v.

SHAW INDUSTRIES, INC. and Buchanan Industries, Inc. d/b/a Forum Contract Carpets, Defendants.

Civil Action No. 1:96–cv–246–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 23, 1997.

Frederick N. Gleaton, Gleaton Scofield Egan & Jones, Atlanta, GA, for Buchanan Industries.

Karen Dale Wildau, Powell Goldstein Frazer & Murphy, Atlanta, GA, for Shaw Industries, Inc.

Louis Norwood Jameson, King & Spalding, Atlanta, GA, for Milliken & Co.

### ORDER

THRASH, District Judge.

### FACTS

This case is before this Court on two Motions for Leave filed by the Plaintiff [Doc No. 36–1] and [Doc Nos. 37–1], Defendants' Motion for Summary Judgment [Doc No. 28–1], and Plaintiff's Motion for a Jury Trial [23–1]. Plaintiff and Defendant Shaw are competing manufacturers in the hospitality carpet industry. In 1989, the Plaintiff created its "Bird of Paradise" design, Pattern B895475, for carpet marketed to the hotel industry for hotel corridors and similar uses. The Plain-

tiff attempted to copyright its design by, among other things, depositing with the Copyright Office one swatch of carpet that included most, but not all, of Pattern B895475. The Copyright Office subsequently issued a copyright certificate to Plaintiff for that pattern.

In 1993, the Defendant Shaw created its "Bird of Paradise" design, Pattern 9370 for hotel corridor carpet. The Defendant Shaw never attempted to copyright Pattern 9370. The Defendant Forum sold two separate patterns (a border and a field) that, when placed together, produce Defendant Shaw's Pattern 9370. The Plaintiff contends that the Defendants' Bird of Paradise carpet designs infringe on the Plaintiff's copyright.

The Plaintiff contends that there are four elements to its protected design: (1) the center of the design features a field containing stylized Bird of Paradise flowers surrounded by willow leaves with broad brush strokes in the background; (2) the field is surrounded by an inner border that resembles a helical chain; (3) the inner border is surrounded by a border pattern that features a row of willow leaves; and (4) the border pattern is enclosed by a linear outer border. The Plaintiff contends that the design of the Defendants' Bird of Paradise patterns incorporates all of these elements of Plaintiff's copyrighted design. The Defendants contend that their Bird of Paradise pattern is not a copy of Plaintiff's pattern and that there are differences in the two patterns that prevent there from being substantial similarity.

### SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment shall be rendered when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears "the initial responsibility of informing the district court of the basis for its motion, identifying those portions of ... [the record] 'together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323,

106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *U.S. v. Four Parcels of Real Property,* 941 F.2d 1428, 1437–38 (11th Cir. 1991) (en banc). If the movant is the party who will not bear the burden of proof at trial on a particular issue, it may meet its summary judgment burden simply by showing that an absence of evidence supporting the nonmoving party on that issue. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2553–54. The movant's failure to meet this initial burden ends the inquiry and the court should deny summary judgment. The nonmoving party bears no burden at this juncture. Once the moving party has met the initial burden the burden shifts to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). At this point, the nonmoving party must go beyond the pleadings and by affidavits or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Russ v. International Paper Co.,* 943 F.2d 589, 592 (5th Cir.1991) (quoting *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553), *cert. denied,* 503 U.S. 987, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992); *accord Four Parcels of Real Property,* 941 F.2d at 1437–38.

In determining whether the moving party has met its burden, the Court views the evidence in the light most favorable to the party opposing the motion and all justifiable inferences are to be drawn in his favor. *Adickes,* 398 U.S. at 158–59, 90 S.Ct. at 1608–09; *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). To defeat a motion for summary judgment on issues on which the movant would bear the burden of proof at trial, the nonmoving party must come forward with evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1116 (11th Cir.1993). As to issues on which the nonmoving party would bear the burden of proof at trial and where the movant put on evidence affirmatively negating the material

fact, "the non-movant must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." *Id.* at 1116. Finally, for issues on which the nonmoving party would bear the burden of proof at trial and where the movant only pointed out an absence of evidence on the issue, the nonmoving party must respond either by (1) showing that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was overlooked or ignored by the moving party, or (2) by coming forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116–17.

## DISCUSSION

### PLAINTIFF'S MOTIONS FOR LEAVE

Plaintiff has filed two Motions for Leave. The first is to allow it to respond to Defendant's reply brief. The second is to allow it to file a memorandum regarding newly decided case law. This court is satisfied with the responses to the motion and has fully reviewed the applicable case law. Therefore, this court hereby **DENIES** Plaintiff's Motions for Leave.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A plaintiff suing for copyright infringement must prove two elements: ownership of the copyright by the plaintiff and copying of the work by the defendant. *Bateman v. Mnemonics, Inc.,* 79 F.3d 1532, 1541 (11th Cir.1996); *Beal v. Paramount Pictures Corp.,* 20 F.3d 454, 459 (11th Cir.1994); *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 824 (11th Cir.1982).

### 1. *Ownership of the Copyright*

Production of a copyright registration certificate is prima facie proof of the existence of a valid copyright if the owner of the copyright filed the registration within five years of the date of first publication. 17 U.S.C. § 410(c); *Evans and Assocs. Inc. v. Continental Homes, Inc.,* 785 F.2d 897, 903 (11th Cir.1986). It is undisputed that Plaintiff has produced such a certificate.

When registering a copyright, the applicant must deposit examples of the things to be copyrighted with the Office of Copyright. The Defendants claim that the Plaintiff does not have a valid copyright because it did not deposit two copies of the design when it was registered. The Defendants cite 17 U.S.C. § 408(b)(2) for the proposition that a registrant must deposit two copies of a published design. However, 17 U.S.C. § 408(c)(1) provides that the deposit of one copy will satisfy the requirements of § 408(b)if the Registrar of Copyrights so provides by regulation. The Registrar has adopted such a regulation that is set forth at 37 C.F.R. § 202.20(c)(2)(x). That regulation provides that when registering designs that are published on carpeting, the registrant will deposit only one swatch of the carpeting. *Id.* Therefore, the Defendants are not entitled to summary judgment on the grounds that the Plaintiff's copyright is invalid because of the deposit of one swatch of the carpeting containing the design.

The Defendants further claim that the Plaintiff does not have a valid copyright because the swatch of carpeting that was deposited contained only part of the complete design in question. The Defendants are correct that 17 U.S.C. § 408(b)(1) does require that the registrant submit *complete* copies of designs. However, the failure to deposit a complete copy of the design does not void Plaintiff's registration so as to preclude its claim for copyright infringement.

The application form for copyright registration requires applicants to provide certain information identifying the applicant, the thing to be copyrighted, and the author. 17 U.S.C. § 409. The cases applying that code section state that inadvertent omissions and mistakes in the application do not rebut the presumption that a registration certificate is valid. *Original Appalachian Artworks,* 684 F.2d at 828; *Data General Corp. v. Grumman Systems Support,* 36 F.3d 1147, 1161 (1st Cir.1994); *Masquerade Novelty, Inc. v. Unique Industries, Inc.,* 912 F.2d 663, 667–68 (3rd Cir.1990); *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 456 (2nd Cir.1989); *Harris v. Emus Records*

*Corp.,* 734 F.2d 1329, 1335 (9th Cir.1984). The purpose of both § 408 and § 409 is to provide methods by which the Copyright Office can identify the work that is to be copyrighted and determine whether that thing is copyrightable. *See Data General,* 36 F.3d at 1161–62. An error in the application should be immaterial if discovery of the error would not have led the Copyright Office to refuse the application. *Id.* The Defendants have not come forth with persuasive argument or authority to the contrary.

There is no evidence that Plaintiff intentionally or fraudulently failed to submit a complete copy of its Bird of Paradise carpet design. The Defendants have produced no evidence that the Copyright Office is likely to have rejected the Plaintiff's application had the Office possessed a swatch containing a complete copy of the design. Therefore, this Court finds that Defendants are not entitled to summary judgment on this issue.

### 2. *Copying of the Work*

■ A plaintiff can prove that a defendant copied its work in either of two ways: using direct evidence or using indirect evidence. Direct evidence of copying is rare in a copyright infringement case. *Beal,* 20 F.3d at 459; Nimmer 12.01[B] at p. 13–10. The Plaintiff contends that it has direct evidence that the Defendants copied its design. There is direct evidence that the Defendant Shaw fashioned its Bird of Paradise design from another Bird of Paradise design. Was it the Plaintiff's copyrighted design? The Plaintiff contends that handwritten notes on a Design Request Form are the "smoking gun" that prove that the Defendant Shaw copied its design. The handwritten notes on the form read: "Paula, match attached corridor" and "Bird of Paradise—change border and field slightly." After these notes were made, Shaw's designer created a Bird of Paradise corridor carpet pattern that the Plaintiff contends incorporates the essential elements of its copyrighted design. The Plaintiff also contends that incorporation of the willow leaf foliage in the design is evidence of actual copying of its design. The Court does not agree that the notes on the Design Request Form are a "smoking gun." However, it does appear that there is sufficient evidence to preclude summary judgment with regard to direct evidence of copying.

■ The Plaintiff also contends that there is sufficient indirect evidence that the Defendants copied Plaintiff's design. A plaintiff using indirect evidence to prove copying must show two things: 1) that the defendant had access to the plaintiff's design that was allegedly copied, and 2) that the defendant's design is substantially similar to that design. *Beal,* 20 F.3d at 459. Proof of access and substantial similarity raises a presumption of copying. *Original Appalachian Artworks,* 684 F.2d at 829. The Defendants have, for this motion only, conceded that they had access to the Plaintiff's Bird of Paradise design. Therefore, the only issue to resolve is whether, considering the evidence in the light most favorable to Plaintiff, the two Bird of Paradise designs are so different that no reasonable fact finder could find them to be substantially similar. Substantial similarity exists where an average lay observer would recognize the alleged copy as having been appropriated. *Id.* The fact that differences exist between the copyrighted work and the alleged infringing copy will not carry the day for the defendant unless the differences are sufficient to negate the claim of infringement. *Id.* The substantial similarity test does not focus on the similarity of the idea embodied in the designs, but rather upon the similarity in the way the designs express that idea. *Id.* Therefore, as to the issue of substantial similarity, it is not relevant that both parties produced corridor designs involving tropical flora.

In their brief, Defendants have detailed various differences between their design and the Plaintiff's design. However, introduction of distinctive elements "by a copier of a copyrighted design will not avoid liability for infringement if the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." *Original Appalachian Artworks,* 684 F.2d at 829 (quoting *Puddu v. Buonamici Statuary, Inc.,* 450 F.2d 401, 402 (2nd Cir.1971)). The Plaintiff created a design incorporating a distinctive combination of Bird of Paradise flowers and

willow-like leaves in a field surrounded by a border of a spiral or helic design and an outer border of more willow-like leaves. The finder of fact could conclude that aesthetically the design of the Defendants' pattern and the Plaintiff's pattern is the same. Therefore, a question of material fact remains about whether Plaintiff's Bird of Paradise design is substantially similar to Defendants' Bird of Paradise design. Accordingly, summary judgment on the issue of Defendants' infringement of Plaintiff's copyright is not appropriate.

## PLAINTIFF'S MOTION FOR A JURY TRIAL

The Plaintiff failed to demand a jury trial when it filed the Complaint. Counsel indicate that this was due to inadvertence. Both parties agree that *Parrott v. Wilson*, 707 F.2d 1262 (11th Cir.1983), controls this court's analysis when evaluating a request for a jury trial pursuant to Federal Rule of Civil Procedure 39(b). *Parrott* clearly states that a court should grant a motion pursuant to Rule 39(b) absent "strong and compelling reasons to the contrary." *Id.* at 1267. The *Parrott* court also set out five factors to consider when evaluating a Rule 39(b) request. *Id.*

The first factor is whether the case involves issues that are best tried to a jury. The issue of whether the Defendant Shaw's designer actually copied Plaintiff's design (with slight changes) is an issue that is appropriate for resolution by a jury. As set forth above, the issue of substantial similarity turns on whether an *average lay observer* would recognize the Defendants' Bird of Paradise design as having been appropriated from Plaintiff's Bird of Paradise design. *Original Appalachian Artworks*, 684 F.2d at 829. Furthermore, as to any differences between the two patterns, a trier of fact must determine "if the *ordinary observer*, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." *Original Appalachian Artworks*, 684 F.2d at 829 (quoting *Puddu*, 450 F.2d at 402). Since by definition, "average lay observers" and "ordinary observers" make up juries, the Court finds that this factor weighs in favor of granting Plaintiff's motion.

The second factor is whether granting the motion would disrupt the schedule of the court or the adverse party. Granting this motion will not interfere with this Court's schedule. Furthermore, Defendants have brought forth no compelling evidence that they will be more inconvenienced by a jury trial than by a bench trial. The Court finds that this factor weighs in favor of granting the Plaintiff's motion.

The third factor is the degree of prejudice to the Defendants if the motion is granted. The Defendants have argued that they would have pursued discovery differently had they known this would be a jury trial rather than a bench trial. The response to the motion does not specify what the Defendants would have done differently. The Court is not persuaded that this is a "strong and compelling reason" to warrant denial of the Plaintiff's motion. The Court finds that this factor weighs in favor of granting the Plaintiff's motion.

The fourth factor is the length of the plaintiff's delay in requesting a jury trial. Federal Rule of Civil Procedure 38 provides that a party may demand a jury trial within ten days after the service of the last pleading. The Plaintiff filed its Complaint on February 1, 1996. The Defendants separately filed their Answers on March 8, 1996. The Plaintiff then filed this motion on November 12, 1996. Therefore, eight months passed between the time the Plaintiff should have filed its demand and the time the Plaintiff did file its demand. The Court finds that this factor weighs in favor of denying the Plaintiff's motion.

The fifth and final factor is the reason for the movant's delay in filing the motion. The Plaintiff has stated that its failure was based upon simple inadvertence. The Eleventh Circuit Court of Appeals has made it clear that a District Court is well within its discretion to deny a Rule 39(b) motion if the movant's only reason for failing to request a jury in a timely fashion is inadvertence. *Parrott*, 707 F.2d at 1267. The Court finds that this factor weighs in favor of denying the Plaintiff's motion.

The right to a jury trial is an important constitutional right. In a case such as this the Court should be reluctant to deny that right to any party. There is no strong and compelling reason the Court should not allow Plaintiff to try this case before a jury. Therefore, Plaintiff's motion for a jury trial is GRANTED. The case will be placed on the Court's November jury trial calendar and the parties are directed to file a Consolidated Pre–Trial Order within 30 days of the docketing of this Order.

## SUMMARY

To summarize, this Court hereby DENIES Plaintiff's Motions for Leave [36–1] and [37–1], DENIES Defendants' Motion for Summary Judgment [28–1], and GRANTS Plaintiff's Motion for a Jury Trial [23–1].