WHIMSICALITY, INC., Appellant, Cross–Appellee,

v.

RUBIE'S COSTUME CO., INC., Appellee, Cross–Appellant.

Nos. 527, 619, Dockets 89–7829, 89–7887.

United States Court of Appeals, Second Circuit.

Argued Nov. 6, 1989.

Decided Dec. 15, 1989.

Virginia R. Richard, New York City (Pamela G. Bradford, and Kane, Dalsimer, Sullivan, Kurucz, Levy, Eisele and Richard, New York City, on the brief), for appellant, cross-appellee Whimsicality, Inc.

Andrew S. Langsam, New York City (Peter L. Berger, and Levisohn, Lerner & Berger, New York City, on the brief), for appellee, cross-appellant Rubie's Costume Co., Inc.

Arlington R. Robbins, Michael V. Pundeff, and Robbins, Keehn & Jones, San Diego, Cal., filed a brief, for amicus curiae Nat. Theme Productions, Inc.

Before TIMBERS and WINTER, Circuit Judges, and LEISURE, District Judge.[*]

TIMBERS, Circuit Judge:

Appellant Whimsicality, Inc. ("Whimsicality") and appellee Rubie's Costume Co., Inc. ("Rubie's") are competing costume designers and manufacturers. Believing that Rubie's was selling "knock-offs" of its costumes, Whimsicality commenced the instant action and sought initially a preliminary injunction to prevent further manufacture and sale of the alleged knock-offs. The complaint alleged copyright infringement and unfair competition, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1988). The District Court for the Eastern District of New York, Raymond J. Dearie, *District Judge*, finding that Whimsicality based its motion for injunctive relief largely on the copyright claim, consolidated that motion with a hearing on the merits of the copyright claim, pursuant to Fed.R.Civ.P. 65(a)(2). On September 11, 1989, the court granted summary judgment in favor of Rubie's on the copyright claim and denied injunctive relief, reserving decision on the unfair competition claim. 721 F.Supp. 1566 (E.D.N.Y. 1989). The court refused Rubie's request for attorney's fees. Whimsicality filed a timely appeal and Rubie's filed a timely cross-appeal. Our jurisdiction rests on 28 U.S.C. § 1292(a)(1) (1982).

The district court held that Whimsicality had registered a copyright on its costumes, but that the costumes were not copyrightable. 721 F.Supp. at 1575–76. The parties, therefore, devoted most of their arguments on appeal to the latter issue. We agree with the result reached by the district court, and we affirm the dismissal of the copyright claim and the denial of injunctive relief; but we do so on grounds other than those relied on by the district court. We hold that Whimsicality obtained its copyright registrations by misrepresentation of its costumes to the United States Copyright Office. We therefore decline to reach the issue of copyrightability, since proper registration is a prerequisite to an action for infringement. Since we find bad faith on the part of Whimsicality, we vacate that part of the order which declined to award attorney's fees to Rubie's pursuant to 17 U.S.C. § 505 (1982) and we remand the case to the district court for determination of that issue in light of this opinion.[1]

I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

Whimsicality, a Vermont corporation, was founded in 1978 by Pierre Couture. It

---

[*] Honorable Peter K. Leisure, United States District Judge, Southern District of New York, sitting by designation.

**1.** Since the district court reserved decision on the unfair competition claim until after discovery and a hearing on the merits as to that claim, it is not before us on this appeal. We reject Whimsicality's contention that the district court's failure to consider the unfair competition claim fully when it denied injunctive relief constituted an abuse of discretion. *Charles of the Ritz Group, Ltd. v. Quality King Distrib., Inc.,* 832 F.2d 1317, 1320 (2 Cir.1987).

is a small but thriving enterprise that takes great pride in the craftsmanship of its products. Since 1985, it has carried a line of costumes designed by Mr. Couture which now numbers at least 66 varieties. In that short time it has received a great deal of publicity for the quality of its designs, including a cover photograph on *New York Magazine* and stories in several newspapers including the *Chicago Tribune*.

Whimsicality achieved sales of more than $1.4 million in 1987 and more than $2.2 million in 1988 for its costumes, which are available in children's and adult sizes. More than 80% of its costume sales occur between the months of March and August, the time when wholesalers and retailers place their Halloween orders with manufacturers. All of Whimsicality's promotional material (catalogs, brochures and the like) make clear that it is selling costumes. The stories in outside publications likewise are unanimous in their conclusion that Whimsicality's products are costumes.

Rubie's, a New York corporation, has been in the costume business for 35 years. It manufactures and markets a wide variety of masquerade and theater-related items, including Halloween costumes. Its 1988 sales totaled more than $30 million.

The dispute leading to the instant appeal apparently began at the 1989 National Halloween Show, held in the Spring, when Whimsicality discovered that Rubie's was displaying the allegedly infringing costumes for sale in the upcoming Halloween season. On April 7, Whimsicality wrote a letter demanding that Rubie's halt marketing the knock-offs. Rubie's refused to do so. It displayed the costumes at another trade show in June, and has included them in its sales material for the 1989 Halloween season.

Whimsicality's demand was based largely on the fact that, in 1988 and 1989, it sought and received copyright registration for six of its creations: the Pumpkin, Bee, Penguin, Spider, Hippo Ballerina and Tyrannosaurus Rex.[2] Nowhere in the copyright applications, however, is the word "costume" used. Instead, Whimsicality called its creations "soft sculptures". The costumes were displayed during the oral argument, and our visual examination disclosed that the costumes lack any firm form unless worn by a person or carefully laid out on a flat surface so that the costume's design is revealed. Moreover, it is undisputed that the only practical use for the copyrighted material is as costumes. As the district court observed, "in all promotional literature and catalogs containing photographs of the articles, they are always being modelled by children." 721 F.Supp. at 1570 n. 4. There is no evidence of any actual use as sculpture, as one would expect given the lack of firm form.

The explanation for this deception is not a mystery; the Copyright Office considers costumes to be wearing apparel and consistently rejects applications to register them.[3] Whimsicality was aware of this at the time it sought to register its costumes. The district court asked Whimsicality's attorney, "if you took this photograph [of a child wearing the costume] and sent it to the copyright office and said we're filing an application for a children's pumpkin costume, what would happen?" The attorney responded that "[i]t would probably be rejected."

Despite the foregoing, which the district court found "strongly suggests that Whimsicality has not been as forthright with the Copyright Office as it could have been," *Id.* at 1570. The court held that Whimsicality's conduct did not "reach the level of dissembling that would constitute a fraud." *Id.* The court then rejected Whimsicality's assertion that, despite the costumes' status as useful articles, certain pictorial, graphic or sculptural elements of the costumes were independently copyrightable.

---

2. The copyright registration numbers for these six creations are, respectively, VA 312 952, VA 312 084, VA 312 085, VA 148 458, VA 148 459, and VA 148 460.

3. Indeed, Rubie's has submitted some of its creations, including the allegedly infringing Bee, to the Copyright Office for registration as costumes. The Copyright Office responded that costumes are not copyrightable.

The court therefore denied Whimsicality's motion for injunctive relief and granted summary judgment in favor of Rubie's on the copyright claim. This appeal followed.

## II.

■ The elements of a copyright infringement action are (1) ownership of a valid copyright and (2) copying by the alleged infringer. *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2 Cir.1984). Possession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable. 17 U.S.C. § 410(c) (1982); *see also Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 909 (2 Cir.1980). The presumption generally is not overcome by an "innocent misstatement". It may be overcome, however, by proof of deliberate misrepresentation. *Eckes, supra*, 736 F.2d at 861–62; M. Nimmer & D. Nimmer, 2 Nimmer on Copyright § 7.20, at 7–198 (1989). We turn therefore to the question whether Whimsicality's use of the term "soft sculpture", rather than "costume", constituted fraud on the Copyright Office.[4]

■ We have long held that clothes, as useful articles, are not copyrightable. *Fashion Originators Guild v. FTC*, 114 F.2d 80, 84 (2 Cir.1940) (L. Hand, J.), *aff'd*, 312 U.S. 457 (1941); *see also* 1 Nimmer on Copyright, *supra*, § 2.08[H], at 2–130.8. The Copyright Act of 1976 did not affect the prior law in this regard. H.R.Rep. No. 1476, 94th Cong., 2d Sess. 55 (1976), *reprinted in* 1976 U.S.Code Cong. & Admin. News 5659, 5668.

■ While the pictorial, graphic and sculptural aspects of useful articles may be copyrightable if they are separable from the article, physically or conceptually, 17 U.S.C. § 101 (1982), clothes are particularly unlikely to meet that test—the very decorative elements that stand out being intrinsic to the decorative function of the clothing. *Cf. Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142 (2 Cir.1987). In any event, the useful articles standing alone may never be registered. The registration must describe the separable elements. *See* Compendium II of Copyright Office Practices § 505.02 (1984). Appellant argues that although clothing may not be copyrightable, masquerade costumes are an exception to that general rule. In view of our disposition of this matter we need not address that contention.

Whimsicality does not assert that it is ignorant of the prior case law as to the copyrightability of garments, or of the practices of the Copyright Office. It was aware, therefore, that an application for costumes as such would be rejected. The admission of Whimsicality's attorney before the district court proves as much. Anticipating rejection, Whimsicality had several options. It could have commenced an action for a declaratory judgment to compel the Copyright Office to change its classification of costumes as per se uncopyrightable. More practically, it could have acknowledged in its application that the articles in question were costumes, and have requested registration for only the features it claimed were separable. That was the approach taken by the amicus in the instant case, National Theme Productions, Inc., and approved by the court in *National Theme Productions, Inc. v. Jerry B. Beck, Inc.*, 696 F.Supp. 1348, 1352 (S.D.Cal.1988).[5]

■ Instead Whimsicality chose to classify its creations as soft sculptures with *no* useful function as wearable arti-

---

4. While we review the district court's factual findings under the "clearly erroneous" standard, we apply a more searching standard of review to the question whether Whimsicality committed fraud within the meaning of the Copyright Act, which is a mixture of law and fact. *Weissmann v. Freeman*, 868 F.2d 1313, 1317 (2 Cir.), *cert. denied*, 110 S.Ct. 219 (1989); *Picture Music, Inc. v. Bourne Inc.*, 457 F.2d 1213, 1215 n. 5 (2 Cir.), *cert. denied*, 409 U.S. 997 (1972); *Donaldson Pub. Co. v. Bregman, Vocco & Conn, Inc.*,

375 F.2d 639, 641 (2 Cir.1967), *cert. denied*, 389 U.S. 1036 (1968).

5. In its applications filed in the Copyright Office, National Theme stated that "no claim is made on functional designs of clothing" but only on the allegedly separable elements. Moreover, the accompanying photos showed human models wearing the costumes. We express no opinion as to the merits of National Theme's claim of copyrightability, accepted by the dis-

cles. Unlike a useful article, a sculpture, soft or hard, is inherently copyrightable, assuming it is an original work. *Mazer v. Stein,* 347 U.S. 201, 213–14 (1954). Unfortunately for Whimsicality here, the evidence demonstrates not only that the costumes were not soft sculpture, but that Whimsicality knew full well that no reasonable observer could believe that the costumes were soft sculpture.

Whimsicality relies on several cases where various articles were given copyright protection as soft sculpture to support its position that costumes are copyrightable and, by implication, that its applications to the Copyright Office were not misleading. *E.g., Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d 821 (11 Cir.1982) (dolls); *Kamar Int'l. Inc. v. Russ Berrie & Co.,* 657 F.2d 1059 (9 Cir. 1981) (stuffed animals); *Durham, supra,* 630 F.2d 905 (wind-up toys); *L. Batlin & Son, Inc. v. Snyder,* 536 F.2d 486 (2 Cir.) (en banc) (Uncle Sam bank), *cert. denied,* 429 U.S. 857 (1976); *Past Pluto Productions Corp. v. Dana,* 627 F.Supp. 1435 (S.D.N.Y.1986) (foam Statue of Liberty crown). We do not agree that cases about stuffed animals and toys lend support to the contention that costumes may be registered as soft sculpture. The word sculpture implies a relatively firm form representing a particular concept. The costumes in question have no such form. If hung from a hook or laid randomly on a flat surface, the particular animal or item depicted by the costume would be largely unidentifiable. The intended depiction is in fact recognizable only when the costume is worn by a person or is carefully laid out on a flat surface to reveal that depiction. We conclude therefore that these costumes do not constitute sculpture.

Two other cases cited by Whimsicality warrant brief mention. We have referred above to *National Theme Productions, supra,* 696 F.Supp. 1348. The other case is

*Animal Fair, Inc. v. Amfesco Indus., Inc.,* 620 F.Supp. 175 (D.Minn.1985), *aff'd mem.,* 794 F.2d 678 (8 Cir.1986). At issue in *Animal Fair* was a slipper in the shape of a bear's paw, which the court held to be copyrightable. Although slippers and costumes are similar in that they are wearable, we distinguish *Animal Fair* on two grounds. First, a slipper, unlike a costume, has a relatively firm form which can be identified for copyright purposes. Second, plaintiff's application to the Copyright Office in *Animal Fair* was not nearly as misleading as Whimsicality's. While the application categorized the slipper as "sculpture", it listed the title of the work as the "BEARFOOT *slipper*" (emphasis added). By contrast, Whimsicality's works are listed as the "Whimsicality Bee" or the "Whimsicality Jack O' Lantern," etc. Moreover, in contrast to Whimsicality, the photos accompanying the *Animal Fair* application made clear that the article was a slipper.

It is the law of this Circuit that the "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action." *Eckes, supra,* 736 F.2d at 861–62 (quoting *Russ Berrie & Co. v. Jerry Elsner Co.,* 482 F.Supp. 980, 988 (S.D.N.Y.1980)). Faced as we are with that exact situation in the instant case, we hold that Whimsicality, because of its misrepresentations, does not have valid copyrights capable of enforcement.[6] We express no opinion on the unfair competition claim now before the district court.

### III.

The Copyright Act provides that the district court, in its discretion, may award attorney's fees to the prevailing party. 17 U.S.C. § 505 (1982). We review the determination of the district court for abuse of

---

trict court in that case; we wish only to demonstrate that Whimsicality had alternatives to deception, and we decline to follow the *National Theme* decision.

**6.** The district court stated that "[p]ossessed of at least an understandable bias about the uniqueness of its creations, Whimsicality could argu-

ably justify describing them to the Copyright Office as something other than just costumes." 721 F.Supp. at 1570. While we do not wish to discourage designers from taking pride in their creations, we caution applicants that, in their submissions to the Copyright Office, honesty is the best policy.

discretion. *Roth v. Pritikin*, 787 F.2d 54, 57 (2 Cir.1986).

■ We have interpreted the statute to distinguish between prevailing plaintiffs and defendants. Plaintiffs who prevail are awarded fees as a matter of course. *Diamond v. Am–Law Pub. Corp.*, 745 F.2d 142, 148 (2 Cir.1984). Defendants, on the other hand, will recover if "plaintiff's claims are objectively without arguable merit," *id.*, or " 'baseless, frivolous, unreasonable or brought in bad faith.' " *Roth, supra*, 787 F.2d at 57 (quoting *Grosset & Dunlap, Inc. v. Gulf & Western Corp.*, 534 F.Supp. 606, 610 (S.D.N.Y.1982)).

■ The district court here found that the issue whether costumes are copyrightable was "difficult", and declined to award fees to Rubie's based on its disposition. As stated above, we do not reach the copyrightability issue. Our disposition instead is premised on misconduct by Whimsicality. While the district court may not have abused its discretion in view of its substantive result, its refusal to award fees must be reassessed in light of our holding.

We know of no cases that apply § 505 to misrepresentations in a copyright application. We have little difficulty, however, in holding that Whimsicality's willful misrepresentation falls within the meaning of "bad faith" under our case law. *Cf. Mailer v. RKO Teleradio Pictures, Inc.*, 332 F.2d 747, 749–50 (2 Cir.1964) (assessing fees against "unreasonable" losing plaintiff).

We vacate that part of the district court's order which declined to award attorney's fees to Rubie's, and we remand the case to the district court for determination of that issue in light of this opinion.[7]

## IV.

To summarize:

We affirm so much of the district court's order which denied Whimsicality's application for injunctive relief and granted summary judgment in favor of Rubie's on Whimsicality's claim of copyright infringement. We do so, however, on the ground that Whimsicality misrepresented the na-

ture of its work to the Copyright Office. We therefore vacate that part of the district court's order which declined to award attorney's fees to Rubie's, and we remand the case to the district court for determination of that issue in light of this opinion.

Affirmed in part; vacated and remanded in part.

---

7. We deny Whimsicality's motion to strike portions of Rubie's brief.