896 F.Supp. 356 (1995)
Phillip BEAUDIN
v.
BEN AND JERRY'S HOMEMADE, INC.
Civ. No. 2:94-CV-21.
United States District Court, D. Vermont.
September 6, 1995.
*357 Thomas C. Nuovo, Nuovo & Gale, P.C., Burlington, VT, for plaintiff.
Christopher J. McVeigh, Paul, Frank & Collins, Inc., Burlington, VT, for defendant.

RULING ON MOTION FOR SUMMARY JUDGMENT (paper 17)
MURTHA, Chief Judge.
The plaintiff, L. Phillip Beaudin, has designed a "cow hat" which he believes defendant Ben & Jerry's Homemade Inc. has appropriated in violation of his rights under federal copyright law. The defendant has moved for summary judgment, claiming that the plaintiff has failed to demonstrate that it has infringed upon any copyright which the plaintiff allegedly possesses. For the reasons set forth below, the defendant's Motion for Summary Judgment is GRANTED.

I. Background
As the party moving for summary judgment, the defendant has the initial burden of informing the Court of the basis for its motion and of identifying those parts of the record which it believes demonstrate the absence of a genuine issue of material fact. See Latimer v. Smithkline and French Laboratories, 919 F.2d 301, 303 (5th Cir.1990) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Where, as here, a motion for summary judgment is supported by affidavits or other documentary evidence, the party opposing that motion must set forth specific facts which show there is a genuine, material issue for trial. See King Service, Inc. v. Gulf Oil Corp., 834 F.2d 290, 295 (2d Cir.1987). Accordingly, the plaintiff must come forward with enough evidence to support a verdict in his favor. He cannot defeat the defendant's motion merely by presenting a metaphysical doubt, conjecture or surmise concerning the facts. See Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Borthwick v. First Georgetown Securities, Inc., 892 F.2d 178, 181 (2d Cir.1989). Only disputes over facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
Upon review of the submissions of the parties, the Court finds the following facts undisputed. See Local Rule 5(c)(1)(B) ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.") The plaintiff is the holder of two copyrights. The first copyright, filed in August 1988, is a fabric design copyright for "Lophdin Jeans." See Memorandum in Opposition to Defendant's Motion for Summary Judgment (paper 21) (hereinafter "Opposition Memo") at Exhibit A. These pants are apparently original painted creations made when the plaintiff applies black spots to a white fabric and fashions the fabric into "cow jeans."
In December 1992, the plaintiff filed his second copyright, which covers the hats at issue, as a "fabric design" copyright. However, the copyright office would not accept this type of registration because of the hat's utilitarian function.
In February, 1993, the plaintiff authorized the office to change the nature of the copyright to one for "artwork on hats." This second copyright purports to cover "Holstein, Dalmatain [sic], or Appaloosa spots on hats. However you perceive them." Opposition Memo at Exhibit B.
According to the plaintiff, these two copyrights cover caps with a white background and irregularly-shaped black spots. Plaintiff refers to these creations as "cow hats," because of their resemblance to the coats of Holstein cows. The plaintiff designs his cow hats by hand-painting black spots on white fabric caps. At most, only two or three caps *358 have the same or similar design. In the course of his career, the plaintiff has painted hundreds of permutations of the black-spot-on-a-white-cap theme.
In 1990, the plaintiff sold the defendant a total of 12 caps for resale at its Montpelier store. In 1991, Ben & Jerry's asked Paramount Headwear Company to design for resale caps which looked like a Holstein cow's coat. When ordering the caps, the defendant did not provide any rendition of any pattern appearing on any of the plaintiff's caps. Instead, it faxed Paramount a picture of a cow jacket clipped from the "Wireless" catalog.
Since that time, Ben & Jerry's has ordered similar caps from Bula of Durango, Colorado, Impressions Headwear and Apparel of Denver, Colorado, and Dun-Mor Designs of Manchester, New Hampshire. The plaintiff does not dispute the defendant's contention that none of these companies has used any of his particular designs when manufacturing similar cow hats for Ben & Jerry's. See Plaintiff's Statement of Material Facts in Dispute (paper 22 at paras. 11 and 12).

II. Discussion
The basis of the plaintiff's claim is that the defendant's hats, while not using the exact same design as any one of his custompainted hats, are "substantially similar" and therefore infringe upon his copyrights. Such a claim often presents an issue for resolution by a jury. See, e.g., Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir.), cert. denied, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986). However, summary judgment is appropriate where the competing work only concerns noncopyrightable elements of plaintiff's work or where no reasonable, properly-instructed jury could find that the two works are substantially similar. Kregos v. Associated Press, 3 F.3d 656, 663 (2d Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1056, 127 L.Ed.2d 376 (1994).
As an initial matter, it is important to identify which portions of plaintiff's "cow hats," if any, are properly subject to copyright protection. It is a tenet of copyright law that "a copyright does not protect an idea, but only the expression of an idea." Id., 3 F.3d at 663. "That is, the plaintiff must show that the defendant appropriated the plaintiff's particular means of expressing an idea, not merely that he expressed the same idea." Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 123 (2d Cir.1994).
Furthermore, the Second Circuit "ha[s] long held that clothes, as useful articles, are not copyrightable." Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 455 (2d Cir.1989). Therefore, to the extent that the plaintiff's argument is based upon a belief that his copyright encompasses any permutations of irregular black spots on white articles of clothing, that argument is flawed. See id., 891 F.2d at 455 (Decorative elements of clothing unlikely to be copyrightable because such elements tend to be "intrinsic to the decorative function of the clothing.") In the instant case, copyright protection for the plaintiff's cow hats only extends to plaintiff's particular expression of his idea to make hats with spots reminiscent of Holstein cow's coats, and not to the idea itself. Cf. Folio Impressions, Inc. v. Byer California, 937 F.2d 759, 765 (2d Cir.1991) ("Hence, what is protected in this case is the Folio Rose itself and the way in which that rose is arranged; the copyright umbrella does not cover the idea of arranging roses generally in a straight line pattern.")
A plaintiff cannot succeed in his proof if (1) the works are not sufficiently similar to prove copying, or (2) one work was arrived at independently without copying. See Wildlife Express Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 508 (7th Cir.1994). The plaintiff has left undisputed the defendant's assertions that it did not use one of plaintiff's caps when contracting with other manufacturers to produce its caps. Likewise, it is undisputed that the plaintiff cannot directly demonstrate that Ben & Jerry's has appropriated any one of the plaintiff's admittedly hundreds of unique designs. See Opposition Memo at 4.
Accordingly, this Court's inquiry is whether a reasonable jury could find that the defendant's hats contain patterns which are substantially similar to those on plaintiff's hats. As the Second Circuit has explained:

*359 Two works are substantially similar where "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal [of the two works] as the same," Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir.1960). Accordingly, summary judgment may be appropriate "either because the similarity between the two works concerns only `non-copyrightable elements of the plaintiff's work,' or because no reasonable jury, properly instructed, could find that the two works are substantially similar."
Arica Institute, Inc. v. Palmer, 970 F.2d 1067, 1072 (2d Cir.1992) (citations omitted).
As discussed, copyright protection is only afforded the plaintiff's particular designs, and not the idea of manufacturing hats which look like a Holstein cow's coat. Upon viewing the submissions of the parties in light of this determination, the Court finds that any reasonable jury properly instructed would find that the defendant's hats represent different manifestations of the same idea, an element of plaintiff's work which is noncopyrightable. See Plaintiff's Motion for Summary Judgment (paper 17) at Exhibit 13 (containing photographs of hats). Therefore, defendant's hats do not infringe on the plaintiff's copyright. Cf. Laureyssens v. Idea Group, Inc., 964 F.2d 131, 142 (2d Cir.1992) ("If the ordinary observer were asked to compare side-by-side two common cardboard 500-piece jigsaw puzzles depicting the American flag where the two puzzles were configured differently, and assuming that the copyright did not protect the particular depiction of the flag, we certainly think the observer would conclude that the allegedly infringing jigsaw puzzle was simply a different expression of the idea of a jigsaw puzzle."); Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co., Inc., 509 F.2d 64, 65 (2d Cir.1974) ("Since all turtles are created more or less along the same lines, appellant cannot, by obtaining a copyright upon one design of a turtle pin, exclude all others from manufacturing gold turtle pins on the ground that they are substantially similar in appearance.") Any other conclusion would, in effect, grant the plaintiff a copyright on almost any permutation of irregular black dots on a white hat  a result clearly not contemplated under federal copyright law.

Conclusion
The Defendant's Motion for Summary Judgment is GRANTED.
SO ORDERED.