**Ligia MORRIS d/b/a Primal Stuff of NYC, Plaintiff,**

v.

**BUFFALO CHIPS BOOTERY, INC. and Buffalo Chips Bootery, Inc. t/a Trash & Vaudeville, Defendants.**

No. 00 Civ. 5928(JSR).

United States District Court, S.D. New York.

Sept. 7, 2001.

Jeffrey E. Jacobson, Jacobson & Colfin, P.C., New York City, for plaintiff.

Jeffrey M. Cassuto, Empire State Building, New York City, for defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff Ligia Morris, a fashion designer, brings federal claims of copyright infringement and unfair competition, and related state law claims, against a clothing store owned by defendants Buffalo Chips Bootery, Inc. and Buffalo Chips Bootery, Inc. t/a Trash & Vaudeville (collectively "Buffalo Chips"). Specifically, Morris alleges that Buffalo Chips infringed her copyrights in certain fashion drawings and photographs of two clothing designs, the so-called "But'N Up Vest" and "Apron Dress," Complaint ¶ 13, and misrepresented that Buffalo Chips, not Morris, was the "exclusive owners [of] and creative force behind the fashion drawings and photographs." *Id.* at ¶ 22. Defendants now

move for summary judgment dismissing the Complaint.

■ The pertinent facts of record, either undisputed or, where disputed by competent evidence,[1] taken most favorably to plaintiff, are as follows. In 1990, plaintiff Morris approached Ronald Tassley, President of Buffalo Chips, to gauge his interest in selling clothes made from her designs. *See* Affidavit of Ronald G. Tassley ("Tassley Aff."), ¶ 3. Although rejecting the designs shown to him, Tassley engaged Morris to design and produce other items of clothing for sale exclusively at his store. *Id.* at ¶ 4. Pursuant to this arrangement, Morris designed a vest known as the "But'N Up Vest." *See* Affidavit of Ligia Morris ("Morris Aff."), at ¶ 7. Thereafter, between 1990 and 1993, Morris made numerous "But'N Up" vests for sale to Buffalo Chips' customers, with Tassley supplying the customer's measurements and Morris hand-tailoring the final product. *See* Tassley Aff., ¶ 10. Even after this arrangement terminated, however, Buffalo Chips continued to sell "But'N Up" vests produced by other sources. *See* Tassley Aff., ¶¶ 13–15; Morris Aff. ¶ 5.

During the period of the parties' collaboration, Morris also designed a dress known as the "Apron Dress." Although Tassley asserts it was unsuccessful, *see id.* at ¶ 21, among the disorganized and unbound exhibits submitted to the Court by plaintiff's counsel are copies of invoices that suggest, perhaps, that some orders for some kind of "Apron Dress" were, in fact, filled by Buffalo Chips, even after the parties' collaboration had ceased.

Long after the parties' separation, Morris applied for federal copyright certification of her fashion drawings and photographs of the "But'N Up Vest" and "Apron Dress," and such certificates issued in July 1999.

■ Plaintiff's first claim, based on the foregoing, is that Buffalo Chips infringed her copyright in the original designs of the "But'N Up Vest" and the "Apron Dress." Since, however, items of clothing are, as a general rule, uncopyrightable "useful articles," *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.),* 71 F.3d 996, 1002 (2d Cir.1995); *see* 17 U.S.C. § 101 (defining a "useful article" as that "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information"), a copyright of the clothing's design extends "only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U.S.C. § 101 (defining a "pictorial, graphic, or sculptural work"). As the Second Circuit has explained, "[w]hile the pictorial, graphic and sculptural aspects of useful articles may be copyrightable if they are separable from the article, physically or conceptually ... clothes are particularly unlikely to meet that test—the very decorative elements that stand out being intrinsic to the decorative function of the clothing." *Whimsicality, Inc. v. Rubie's Costume Co.,* 891 F.2d 452, 455 (1989).[2]

■ Here, however, while plaintiff asserts that the "end product" of her "design

---

1. In many instances, plaintiff relies on conclusory (and sometimes contradictory) statements of counsel to "dispute" defendants' evidentiary submissions. Summary judgment, however, must be determined on the basis of the admissible evidence of record. *See, e.g.,*

*Nora Beverages, Inc. v. Perrier Group of America, Inc.,* 164 F.3d 736, 746 (2d Cir.1998).

2. While certain "fabric designs" may also qualify as copyrightable "writings," *see Knitwaves,* 71 F.3d at 1002, plaintiff makes no such assertion here.

process" is a "hand made unique leather artwork," Morris Aff., ¶¶ 8–9, she utterly fails to specify in any objectively identifiable fashion the copyrightable elements of her designs that are capable of existing independently of the articles of clothing themselves. That in itself is fatal to plaintiff's copyright claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

■ Moreover the Court's own comparison of the designs and clothing at issue in this case confirms that it is beyond reasonable dispute that each and every arguably aesthetic element of plaintiff's designs plays a utilitarian function in the clothing in which it is embodied. From the look of the stitchwork to the shape of the clasps to the placement of the seams, the artistic and the functional elements of plaintiff's designs are inextricably interwoven in the articles of clothing in which they appear.

Accordingly, plaintiff's infringement claims must be dismissed.

■ Plaintiff also asserts claims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), for unfair competition in the form of "reverse passing-off," alleging that defendants mislabeled the clothing in question as Buffalo Chips products in order to mask plaintiff's authorship of the designs. *See Attia v. Soc'y of the New York Hosp.,* 201 F.3d 50, 59 (2d Cir.1999). As with all claims of unfair competition under the Lanham Act, proof of "reverse passing off" requires, *inter alia,* proof of a likelihood of consumer confusion, a concept closely akin to the copyright infringement requirement of "substantial similarity." *See Attia,* 201 F.3d at 59. In each case, a plaintiff must identify those original (copyrightable) ele-

ments of her own design that are reproduced in defendant's product. *See id.* at 59–60.

Here, however, as previously noted, plaintiff has failed to identify with any reasonable specificity any such original elements of her designs, and this by itself defeats her Lanham Act claim. Instead, plaintiff merely offers the affidavit of one Arjan Khiani, identified by plaintiff as an "expert witness," who simply states that "I have viewed the leather art works (individual hand made leather costumes) in question and consider them to be identical." Affidavit of Expert Witness, ¶ 6. The affidavit neither identifies the elements of plaintiff's designs that are claimed to be original nor the respects in which they are allegedly reproduced in defendants' products. Indeed, the affidavit offers no explanation whatever for its bald conclusion—a failure made more remarkable by the differences readily apparent to any reasonable observer viewing the samples of the competing leather vests submitted by plaintiff on this motion. Such conclusory statements are insufficient to avoid summary judgment. *See, e.g., Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998). Accordingly, the Court must dismiss plaintiff's claims of unfair competition under the Lanham Act.

■ Finally, although the Complaint also alleges claims of unjust enrichment, misappropriation, and unfair competition under New York law, such claims are here preempted by federal copyright law, since they are grounded solely in the alleged copying of plaintiff's "protected expression" and seek vindication of the same rights as plaintiff's copyright claims. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 717 (2d Cir.1992); *see also* 17 U.S.C. § 301. Consequently, these claims must also be dismissed.

Accordingly, the Court hereby grants defendants' motion for summary judgment and dismisses the Complaint, with prejudice, in its entirety. Plaintiff's cross-motions for summary judgment are correspondingly denied. Clerk to enter judgment.

SO ORDERED.