**CHOSUN INTERNATIONAL, INC.,**
Plaintiff–Appellant–Cross–
Appellee,

v.

**CHRISHA CREATIONS, LTD.,**
Defendant–Appellee–Cross–
Appellant.

Docket Nos. 04–1975–CV, 04–2228–CV.

United States Court of Appeals,
Second Circuit.

Argued: Dec. 15, 2004.

Decided: June 30, 2005.

Anthony H. Handal, Kirkpatrick & Lockhart LLP, New York, NY, for Plaintiff–Appellant–Cross–Appellee.

Cheryl F. Korman, Rivkin Radler LLP (Evan H. Krinick and Celeste M. Butera, of counsel), Uniondale, NY, for Defendant–Appellee–Cross–Appellant.

Before: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

CALABRESI, Circuit Judge.

This appeal by plaintiff-appellant-cross-appellee Chosun International, Inc. ("Chosun") poses the question of whether Halloween costumes, in their entirety or in their individual design elements, are eligible for copyright protection under federal law. The district court (Wood, *J.*) held that they were not. The court ruled that Halloween costumes were "useful" articles and hence not copyrightable under the Copyright Act, 17 U.S.C. § 101 *et seq.* Accordingly, the court dismissed Chosun's suit for failure to state a viable copyright infringement claim. *See* Fed.R.Civ.P. 12(b)(6). Because the district court failed to conduct a separability analysis prior to dismissing Chosun's complaint, we vacate the district court's judgment and remand for further proceedings.

## I. BACKGROUND

Chosun is a designer and manufacturer of Halloween costumes. Many of these are animal-themed children's costumes, including a line of "plush sculpture" costumes, each of which consists of a bodysuit and a sculpted hood. Chosun describes its costumes as follows: "The plush sculpture attached to the hood of the costume takes the form of a head-like arrangement of small plush stuffed animal head features, which look like they might be a part of a plush stuffed toy animal. In addition, at the ends of the sleeves of the bodysuit, elements which may be seen as hands or claws are associated with a number of the costumes, being connected to the cuffs of the costume adjacent the hands and feet of a person wearing the costume." Three such animal costumes are at issue in this appeal. Defendant-appellee-cross-appellant Chrisha Creations, Ltd. ("Chrisha") is a competing costume manufacturer. It also distributes a line of plush animal-themed Halloween costumes. According to Chosun, Chrisha "slavishly copied" its costumes from Chosun's plush costume designs.

On October 3, 2002, Chosun filed suit in the Southern District of New York against Chrisha for copyright infringement. Chosun alleged that Chrisha's costumes infringed Chosun's registered copyrights in its lion, orangutan, and ladybug costume

designs. The complaint sought monetary damages and equitable relief, including the recall of Chrisha's assertedly infringing products.

On October 10, 2002, the district court (Wood, *J.*) held a hearing on Chosun's request for a temporary restraining order, permanent injunction, and order of recall. At that hearing, the district court viewed the products sold by Chosun and by Chrisha. Based on that viewing, the court determined that Chrisha had likely copied Chosun's costume designs. The district court issued a temporary restraining order on October 16, 2002, which enjoined Chrisha from manufacturing or selling its allegedly infringing costumes.

Up to this point, Chrisha had not responded in any substantial fashion to Chosun's allegations. But soon after, Chrisha's attorneys brought to the court's attention several cases that called into question the copyrightability, under 17 U.S.C. § 101, of Halloween costumes. *See Whimsicality, Inc. v. Rubie's Costumes Co.*, 721 F.Supp. 1566, 1571–73 (E.D.N.Y.1989) (*"Whimsicality I"*) (holding ornamental costumes to be ineligible for copyright), *vacated in part and aff'd in part on other grounds*, 891 F.2d 452 (2d Cir.1989) (*"Whimsicality II"*) (invalidating plaintiff's copyright registration forms for fraud on the Copyright Office, and therefore never discussing the issue of whether costumes are copyrightable); *Whimsicality, Inc. v. Battat*, 27 F.Supp.2d 456, 463 (S.D.N.Y.1998) (*"Whimsicality III"*) (holding in the alternative that costumes are not eligible for copyright); *see also Funrise Canada Ltd. v. Zauder Bros.*, No. 99 Civ. 1519, 1999 WL 1021810 at *9 n. 9 (E.D.N.Y. July 2, 1999) (approvingly citing *Whimsicality I* and *Whimsicality III* in a footnote). On October 24, 2002, after Chosun and Chrisha reached a stipulation, under which Chosun's request for a permanent injunction was voluntarily withdrawn without prejudice, the temporary restraining order lapsed.

On March 30, 2004, the district court dismissed Chosun's complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). It did so because it concluded that, as a matter of law, Halloween costumes were not eligible for protection under the Copyright Act. That Act excludes "useful articles" from the scope of copyrightable items. *See* 17 U.S.C. §§ 101, 102. According to the district court, Halloween costumes fall within the Act's conception of non-copyrightable "useful articles"; as a result, no valid copyright infringement could arise from the unauthorized reproduction of Chosun's costumes.

Despite this conclusion, the district court recognized that individual design elements of useful articles are afforded some level of protection under the Copyright Act, so long as those design elements are physically or conceptually separable from the article itself. *See, e.g., Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142, 1145 (2d Cir.1987); *Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411, 418 (2d Cir.1985); *Kieselstein–Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989, 993 (2d Cir.1980). And the court noted that the Copyright Office, in its internal regulations governing the registration of copyrightable materials, had interpreted the Copyright Act so as to protect the physically and conceptually separable elements of costumes. *See United States Copyright Office Policy Decision: Registrability of Costume Designs*, 56 Fed.Reg. 56530, 56532 (1991) (finding that "fanciful" costumes, as opposed to "garment designs," are "useful articles," and therefore copyright-ineligible taken as a whole, but that *elements* of fanciful costumes may themselves be copyrighted, so long as

those elements meet the requirements of "physical or conceptual separability").

But the district court did not, at any point in its order, determine whether elements of Chosun's costumes were physically or conceptually separable from their overall design. Instead, the court said that our circuit's tests for physical and conceptual separability were too inconsistent to afford meaningful guidance, and concluded that no elements of the costumes could possibly be separated from their utilitarian function as devices with which to masquerade. In the district court's words:

> Attempting to judge the copyrightability of Halloween costumes reveals the incoherence of these [separability] tests. A costume's utility is in allowing the wearer to pretend to be something else—often a caricature of something else—and it is the artistic choices made in designing the costume that determine its saleability. It is impossible to say whether the utilitarian predominates over the artistic, or vice versa. Until a more coherent distinction is drawn by Congress, district courts can do little more than attempt to be consistent with precedent.

> Three courts in this District have concluded that Halloween costumes are not copyrightable [*citing Whimsicality I, Whimsicality III*, and *Funrise*].... Following the precedents cited above, the Court holds that Halloween costumes may not be copyrighted. Plaintiffs' claim of copyright infringement is dismissed.

In a subsequent order read from the bench, the court denied Chrisha's request, as a prevailing party under the Copyright Act, for attorneys' fees.[1] This appeal, and cross-appeal, followed.

## II. DISCUSSION

■ We review *de novo* a district court's dismissal for failure to state a claim, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See, e.g., United States v. City of New York,* 359 F.3d 83, 91 (2d Cir.2004). A complaint should only be dismissed where it appears beyond doubt that the plaintiff can present no set of facts entitling him to relief. *See Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Wynder v. McMahon,* 360 F.3d 73, 78 n. 8 (2d Cir.2004) ("The well-settled rule is that a court should not grant a Rule 12(b)(6) motion to dismiss unless it appears *certain* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.") (emphasis added) (citation and internal quote omitted). At this stage of the proceedings, then, our charge is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985).

The Copyright Act establishes that the broad category of "pictorial, graphic, or sculptural works" are eligible for copyright protection, provided, of course, that such works satisfy the Act's other requirements. *See* 17 U.S.C. § 102. The Act, however, excludes any "useful article"—defined as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information"—from copyright eligibility. *See* 17 U.S.C. § 101; *see also* 17

**1.** Chrisha cross-appeals the district court's decision to deny attorneys' fees. Because we conclude that the district court erred in dismissing Chosun's complaint, we necessarily reject Chrisha's request for attorneys' fees. At the moment, Chrisha is not a prevailing party.

U.S.C. § 102, Notes of committee on the Judiciary, House Report No. 94–1476 (stating that works of "artistic craftsmanship" are not protected by the Act, "insofar as their . . . utilitarian aspects are concerned."). This limitation is in keeping with the notion that functional items are not eligible for the relatively long-term protections of copyright, as opposed to the more temporary rights provided by the Patent Act, 35 U.S.C. § 271 *et seq.*[2]

But while "useful articles", taken *as a whole*, are not eligible for copyright protection, the individual design elements comprising these items may, viewed *separately*, meet the Copyright Act's requirements. Specifically, if a useful article incorporates a design element that is physically or conceptually separable from the underlying product, the element is eligible for copyright protection. *See* 17 U.S.C. § 101 ("[T]he design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified *separately from*, and are *capable of existing independently of*, the utilitarian aspects of the article.") (emphasis added). For this reason, one may not copyright the general shape of a lamp, because its overall shape contributes to its ability to illuminate the reaches of a room. But one can copyright the fanciful designs imprinted on, or carved into, the

lamp's base, so long as those designs are unrelated to the lamp's utilitarian function as a device used to combat darkness. *See Mazer v. Stein,* 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954). *See also* Copyright Office, *Compendium II of Copyright Office Practices* § 505.03 (1984) (recognizing that a "carving on the back of a chair, or pictorial matter engraved on a glass vase, could be considered for [copyright] registration" on the basis of separability).

The cases in our circuit have recognized the same distinction. For many years, articles of clothing have been identified as "useful" items and, hence, excluded from copyright eligibility. *See, e.g., Fashion Originators Guild v. FTC,* 114 F.2d 80, 84 (2d Cir.1940) (L.Hand, *J.*) (holding that "ladies' dresses" are useful articles not covered by the Copyright Act), *aff'd,* 312 U.S. 457, 61 S.Ct. 703, 85 L.Ed. 949 (1941). But we also have held separable elements in clothing, to the extent that they exist, may be eligible for copyright protection. Thus, in *Kieselstein–Cord v. Accessories by Pearl, Inc.,* 632 F.2d 989 (2d Cir.1980), we concluded that the plaintiff's belt buckle designs were copyrightable. Taken as a whole, the belt undeniably was a "useful article" which performed the service of preventing one's pants from falling down. The ornate buckle design, however, was conceptually separable from that useful "belt" function. The design—which did not enhance the belt's ability to hold up one's trousers—could properly be viewed

---

**2.** This general principle—that intellectual property owners should not be permitted to recategorize one form of intellectual property as another, thereby extending the duration of protection beyond that which Congress deemed appropriate for their actual creative efforts—has been suggested by the Supreme Court in recent years. *See, e.g., Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 36–38, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003) (interpreting the Lanham Act so as to avoid perpetual unfair competition protection, when copyright protection of a more limited duration was available, as the Court believed that a contrary interpretation "would be akin to finding that [the Lanham Act] created a species of perpetual patent and copyright"); *TrafFix Devices, Inc. v. Marketing Displays, Inc.,* 532 U.S. 23, 29–30, 121 S.Ct. 1255, 149 L.Ed.2d 164 (2001) (holding that where trade dress was previously protected under the Patent Act by an expired utility patent, the dress is presumed to stand outside the Lanham Act's scope).

as a sculptural work with independent aesthetic value, and not as an integral element of the belt's functionality. *See id.* at 993. It was, therefore, copyrightable. *Id.* And, in subsequent cases, we have reaffirmed the principle that separable elements of useful articles are protected by the Copyright Act. *See Brandir v. Cascade Pacific Lumber*, 834 F.2d 1142, 1145 (2d Cir.1987) (establishing the test for conceptual separability); *Carol Barnhart v. Economy Cover Corporation*, 773 F.2d 411, 418 (2d Cir.1985) (noting that physically or conceptually separable design elements are copyright-eligible).

 Accordingly, design elements that can be "conceptualized as existing independently of their utilitarian function," *Carol Barnhart*, 773 F.2d at 418, are eligible for copyright protection. And we have noted that, while design elements that "reflect a merger of aesthetic and functional considerations ... cannot be said to be conceptually separable from the utilitarian elements," *Brandir*, 834 F.2d at 1145, "where design elements can be identified as reflecting the designer's artistic judgment exercised *independently* of functional influences, conceptual separability exists." *Id.* (emphasis added). *See also id.* at 1147 (clarifying that, when a design element is "influenced *in significant measure* by utilitarian concerns," the design is not con-

ceptually separable from the underlying article) (emphasis added). In all this we have not doubted that when a component of a useful article can actually be removed from the original item and separately sold, without adversely impacting the article's functionality, that physically separable design element may be copyrighted. *Cf. Mazer*, 347 U.S. at 218–19, 74 S.Ct. 460 (holding that the design of a dancer carved into the base of a lamp was protected by the Copyright Act, even though the design of the lamp itself was not protected).

 Applying these tests to the case before us at the Rule 12(b)(6) stage—where a complaint will not be dismissed unless it is beyond peradventure that the plaintiff could prove no set of facts leading to success, *see Conley*, 355 U.S. at 45–46, 78 S.Ct. 99—we cannot say that Chosun's allegations of copyright infringement are insufficient. It is at least possible that elements of Chosun's plush sculpted animal costumes are separable from the overall design of the costume, and hence eligible for protection under the Copyright Act. It might, for example, be the case that the sculpted "heads" of these designs are physically separable from the overall costume, in that they could be removed from the costume without adversely impacting the wearer's ability to cover his or her body.[3] Similarly, it could be that the

---

**3.** Chrisha encourages us to conclude that these costumes are "useful" (as that term is defined under § 101) not because they clothe the wearer's body, but because they permit the wearer to masquerade as an animal character. We need not decide today whether the relevant use of these costumes is as clothing or as tools for masquerading. For even if masquerading were the relevant use, it might be that elements of Chosun's costumes are separable and copyright-eligible (either because they could be removed without adversely impacting the wearer's ability to portray himself or herself as a lion, ladybug, or orangutan, or because elements of the costumes can be conceived of as separate from

the masquerading function). But while we do not decide the issue today, we express skepticism regarding Chrisha's claim that Halloween costumes are, as such, copyright ineligible because they permit the wearer to masquerade. Were this the case, masks would necessarily be deemed "useful articles." But that view has been expressly rejected by both the Copyright Office and by other circuits. *See United States Copyright Office Policy Decision: Registrability of Costume Designs*, 56 Fed.Reg. 56530, 56532 (1991) (categorizing masks as non-useful sculptural works not subject to separability analysis); *Masquerade Novelty, Inc. v. Unique*

sculpted "heads" (and perhaps "hands") are *conceptually* separable. That is, Chosun may be able to show that they invoke in the viewer a concept separate from that of the costume's "clothing" function, and that their addition to the costume was not motivated by a desire to enhance the costume's functionality *qua* clothing. It is, of course, possible that at any of several later stages Chosun will have failed, as a matter of law, to prove that such separability exists. But that possibility cannot justify dismissal of Chosun's complaint now on a Rule 12(b)(6) motion.

## III. CONCLUSION

The judgment of the district court is VACATED, and the case REMANDED for further proceedings not inconsistent with this opinion.

*Indus., Inc.*, 912 F.2d 663, 671 (3d Cir.1990) (holding that masks are non-useful articles protected by the Copyright Act).

More fundamentally, Chrisha's broad understanding of masquerading as a "useful" function is at odds with the Copyright Act's very definition of "useful articles." After all, the Act states that a "useful article" is one "having an intrinsic utilitarian function *that is not merely to portray the appearance of the article* or to convey information." 17 U.S.C. § 101 (emphasis added). The function of a costume is, precisely, to portray the appearance of something (like a lion, ladybug, or orangutan), and in so doing, to cause the wearer to be associated with, or appear as, the item portrayed. It is difficult to see how

such a "function" (separate and apart from the concomitant function as clothing) can make a costume, or a mask, "useful" under § 101. *See Hart v. Dan Chase Taxidermy Supply Co.*, 86 F.3d 320, 323 (2d Cir.1996) (holding that the function of a fish mannequin "is to portray its own appearance" and give form to the fish skin which covers it, and therefore concluding that fish mannequins are not "useful articles" under the Copyright Act); *Superior Form Builders v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 494 (4th Cir. 1996) (holding that mammal taxidermy mannequins are not "useful articles" under the Copyright Act because they function "merely to portray the appearance" of an animal).