12-598-cv
Jovani Fashion, Ltd. v. Fiesta Fashions

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of October, two thousand twelve.

PRESENT: REENA RAGGI,
DENNY CHIN,
SUSAN L. CARNEY
*Circuit Judges*.

-----------------------------------------------------------------------
JOVANI FASHION, LIMITED,
*Plaintiff-Appellant*,

v.                                                      No. 12-598-cv

FIESTA FASHIONS,
*Defendant-Appellee*,

CINDY COLLECTION, CINDERELLA DIVINE, INCORPORATED, COLORS FASHION, INCORPORATED, ASPEED DESIGN CORPORATION, UNIQUE VINTAGE, INCORPORATED, DISCOUNTDRESSUP.COM, JM DREAMLINE, INCORPORATED, THE ROSE DRESS, INCORPORATED, RORY BALLARD, JOHN DOE 1THROUGH 100, JULIE'S COLLECTION,
*Defendants*.

------------------------------------------------------------------------
APPEARING FOR APPELLANT: ANTHONY H. HANDAL (Tim Bukher, *on the brief*), Handal & Morofsky, LLC, New York, New York; Robert Haroun, Sofer & Haroun, LLP, New York, New York.

APPEARING FOR APPELLEE: TERENCE P. ROSS (Jonathan J. Anastasia, *on the brief*), Crowell & Moring LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 7, 2011, is AFFIRMED.

Plaintiff Jovani Fashion, Ltd. ("Jovani") appeals from the dismissal of its complaint charging defendant Fiesta Fashions ("Fiesta") with infringing Jovani's registered copyright for the design of a prom dress. See 17 U.S.C. § 101 et seq.; Fed. R. Civ. P. 12(b)(6). We review a Rule 12(b)(6) dismissal de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in plaintiff's favor. See Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010). To survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

2

(internal quotation marks and citation omitted). Upon independent review of the record, we conclude, largely for the reasons stated by the district court in its thorough and well-reasoned opinion, that Jovani failed to satisfy its pleading burden.

It is well settled that articles of clothing are "useful articles" not protected by the Copyright Act. See 17 U.S.C. § 101; Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir. 1989) (citing Fashion Originators Guild v. FTC, 114 F.2d 80, 84 (2d Cir. 1940) (L. Hand, J.), aff'd 312 U.S. 457 (1941)). Jovani nevertheless maintains that the prom dress at issue merits copyright protection because its design constitutes a combination of features "that can be identified separately from and are capable of existing independently of, the utilitarian aspects of the article," 17 U.S.C. § 101, specifically, the arrangement of decorative sequins and crystals on the dress bodice; horizontal satin ruching at the dress waist; and layers of tulle on the skirt. We are not persuaded.

We have construed 17 U.S.C. § 101 to afford protection to design elements of clothing only when those elements, individually or together, are separable—"physically or conceptually"—from the garment itself. Chosun Int'l, Inc. v. Chrisha Creations, Ltd., 413 F.3d 324, 328 (2d Cir. 2005). Physical separability can be shown where one or more decorative elements "can actually be removed from the original item and separately sold, without adversely impacting the article's functionality." Id. at 329. That is plainly not the case here. Jovani has not alleged, nor could it possibly allege, that the design elements for

3

which it seeks protection could be removed from the dress in question and separately sold. Cf. Mazer v. Stein, 347 U.S. 201, 203 (1954) (recognizing that statuette serving as lamp base could be removed and sold separately); Kieselstein-Cord v. Accessories by Pearl, Inc., 632 F.2d 989, 991, 993 (2d Cir. 1980) (recognizing that decorative belt buckles were sold in jewelry stores and worn as ornaments for parts of body other than waist). Moreover, as the district court correctly observed, the removal of these items would certainly adversely affect the garment's ability to function as a prom dress, a garment specifically meant to cover the body in an attractive way for a special occasion.

No different conclusion obtains as to conceptual separability, which is evident when a designer exercises artistic judgment "independently of functional influences," rather than as "a merger of aesthetic and functional considerations." Brandir Int'l, Inc. v. Cascade Pac. Lumber Co., 834 F.2d 1142, 1145 (2d Cir. 1987). Applying this test in Chosun, where the plaintiff claimed copyright protection for a Halloween costume, we stated that an element of a costume would be conceptually separable if it "invoke[d] in the viewer a concept separate from that of the costume's 'clothing' function," and if its "addition to the costume was not motivated by a desire to enhance the costume's functionality qua clothing." Chosun Int'l, Inc. v. Chrisha Creations, Ltd., 413 F.3d at 330; see also Kieselstein-Cord v. Accessories by Pearl, Inc., 632 F.2d at 993. That is not this case.

Here, the artistic judgment exercised in applying sequins and crystals to the dress's

4

bodice and in using ruched satin at the waist and layers of tulle in the skirt does not invoke in the viewer a concept other than that of clothing—as the design of a Halloween costume in Chosun invokes a character. Rather, these design elements are used precisely to enhance the functionality of the dress as clothing for a special occasion. In short, here the aesthetic merged with the functional to cover the body in a particularly attractive way for that special occasion.

In urging otherwise, Jovani argues that design elements that make a dress more attractive cannot be intrinsic to the garment's "utilitarian function," which is simply "covering the body." Appellant Br. 24. This narrow statement of a garment's function is not supported by our precedent, which recognizes that clothing, in addition to covering the body, serves a "decorative function," so that the decorative elements of clothing are generally "intrinsic" to the overall function, rather than separable from it. Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d at 455 (observing that garments' decorative elements are "particularly unlikely to meet [the] test" of conceptual separability.)

No different conclusion is warranted by § 101's definition of a "useful article" as one having an intrinsic utilitarian function "that is not merely to portray the appearance of the article or to convey information." Although Jovani argues that a decoration on a dress necessarily "portrays the appearance" of the dress and, therefore, is outside the scope of usefulness, we have construed this statutory phrase more narrowly to identify only a small

5

category of items whose sole usefulness resides in their appearance. See Hart v. Dan Chase Taxidermy Supply Co., 86 F.3d 320, 323 (2d Cir. 1996) (holding that taxidermy mannequin for fish skins has function of portraying its own appearance and, therefore, may be copyrighted); accord Chosun Int'l Inc. v. Chrisha Creations, Ltd., 413 F.3d at 329 n.3 (citing Hart in expressing skepticism that masks or Halloween costumes that permit wearer "to masquerade" have a utilitarian function other than to portray appearance of article). Prom dresses do not fit within this small sphere. While such dresses plainly have a decorative function, the decorative choices, as we have already observed, merge with those that decide how (and how much) to cover the body. Thus, a jeweled bodice covers the upper torso at the same time that it draws attention to it; a ruched waist covers the wearer's midsection while giving it definition; and a short tulle skirt conceals the wearer's legs while giving glimpses of them. In sum, the aesthetic and the functional are inseparable in the prom dress at issue and, therefore, Jovani cannot state a plausible copyright claim. See Brandir Int'l, Inc. v. Cascade Pac. Lumber Co., 834 F.2d at 1145.

We have considered Jovani's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6